ASAPH FLETCHER JR. *v.* SAMUEL AUSTIN JR., CHESTER BAXTER, SOLOMON DOWNER, GEORGE W. RICE AND JACOB FOX.

Where a bond, conditioned that P. should faithfully execute the office of deputy sheriff, was signed by three only of the persons named in the body of the bond, and was not to be delivered to the obligee until the other had signed, but was given to the obligee by P., and the others did not sign it while P. was deputy sheriff, nor until after a suit had been commenced thereon for the default of P ;—*Held,* That the persons, who thus signed, were not liable on the bond, nor were they rendered liable by the others signing it a long time after the default happened, unless they consented to such signing and delivery at the time.

THIS was an action of debt commenced on a bond dated the 1st day of December, 1829, and given to the plaintiff, as sheriff of the county of Windsor, conditioned to save harmless the plaintiff from all damages, risks, liabilities and causes of liability, in consequence of any neglect, misconduct, malfeasance or misfeasance, in matters pertaining to the office of sheriff, of one Ebenezer Parkhurst Jr., who had been appointed to the office of deputy sheriff for the year then ensuing, by the said Fletcher, sheriff as aforesaid, and had accepted said appointment, and who also had signed and executed the said bond ;—with proper breaches assigned to the said condition.

Three of the defendants, viz, Samuel Austin Jr. Solo. Downer and Jacob Fox, pleaded the general issue of *non est factum* to the said action. The other defendants made no answer to the said declaration.

The issue was closed to the jury, and on the trial in the county court the plaintiff proved the execution of the bond, and it was read to the jury.

The bond commenced as follows :

" Know all men by these presents, that we, Ebenezer Parkhurst Jr., Jacob Fox, Mills May, Samuel Austin Jr. Alexander Ralston, Chester Baxter, Solomon Downer and George W. Rice, all of," &c., and purported to have been signed by all the persons so named.

The defendants, who had pleaded as aforesaid, offered testimony tending to prove that when the bond was signed by the said Samuel Austin Jr., and Mills May, and Ebenezer Parkhurst Jr., the said Austin and May delivered the same to the said Ebenezer Parkhurst Jr. and directed him not to de-

liver it to the plaintiff till it was also executed by all the other persons named in the body of the said bond, and in case it should not be so executed, to return the same to them, the said Austin and May.

The said defendants offered evidence further tending to prove that the bond was not so executed by the other persons named in the body of said bond, until after the expiration of the year for which the said Parkhurst had been appointed to the office of deputy sheriff, and that the said bond, before being executed by all the persons mentioned in the body thereof, had been, by the said Parkhurst, delivered to the plaintiff, and by him put in suit; but there was no evidence offered or afterwards given, tending to show that the plaintiff was informed by the said Parkhurst that the said bond was delivered to him with the restrictions before mentioned.

To this testimony, thus offered, the plaintiff objected, but the objection was overruled by the court, and the evidence was admitted.

The plaintiff then requested the court to instruct the jury that, notwithstanding the admission of the said evidence, and although they should find the facts stated were proved, yet the plaintiff was entitled to recover on the bond against the defendants who signed the same and delivered it to the said Parkhurst with the limitations before stated, as well as against the other signers. But the court refused so to instruct the jury, but did instruct them that if they should find that the bond was delivered to the said Parkhurst by the defendants, who had then signed the same, with the restrictions and limitations before mentioned, and was not executed by the other signers till the expiration of the year for which the said Parkhurst had been appointed a deputy sheriff, they should return a verdict for the defendants. A verdict was accordingly found for the defendants, and the plaintiff excepted.

*Marsh & Swan and A. Tracy,* for plaintiff, cited Shep, Touch. 69, 59. Perkins, sec. 142, 143, 144, 137, 138.— *Beekman* v. *Frost,* 18 Johns. R. 562–3. *Butler* v. *Baker's case,* 3 Co. R. 35, b. *Graham* v. *Graham.* 1 Ves. Jr.'s R. 272. *Hatch* v. *Hatch,* 9 Mass. R. 307. *Ruggles* v. *Lawson,* 13 Johns. R. 285. *Wheelwright* v. *Wheelwright,* 2 Mass. R. 452. *Jackson* v. *Rowland,* 6 Wend. R. 666.

*J. Converse and T. Hutchinson* for detendants, cited 17 Mass. R. 591.  2 Pick. R. 24.  1 Barn. & Cress. 682.— Chip. on Con. 23.  Pothier on Ob. No 11.  2 Stark. Ev. 476, note, h.  1 Saund. R. 291, note, b.  3 Vt. R. 82, 88.  1 Swift's Dig. 179.  6 Vt. R. 532.  4 Johns. R. 230.  12 Mass. R. 456.  6 do. 219.  4 Kent's Com. 454.  2 Black. Com. 307.  9 Mass. R. 307.  10 do. 456.

WINDSOR,
*February*,
1839.

Fletcher
*v.*
Austin *et al.*

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This action is defended by three of the defendants only, and the question is, whether the bond has ever been so delivered as to be obligatory on them.  On the case as presented, the question as to a second delivery does not arise.  There was not, as to all the signers, an inchoate or imperfect delivery in the first place, when the bond passed from the obligors to the obligee, to be absolute on the happening of a certain event.  If the bond was delivered so as to be effectual against all, there was but one delivery.  A deed takes effect only from the delivery, and our attention is drawn to the inquiry whether this bond was delivered.  In the first place, as to those who first signed, viz. Austin and May, it is evident that it never was delivered with their consent.  They might require such terms and conditions to be complied with as they thought proper before the deed should take effect as their deed.  Where a bond contains, in the obligatory part, the names of several persons as sureties, if a part sign with an understanding and on the condition that it is not to be delivered to the obligee until signed by the others, it is not effectual as to those who do sign, until the condition is complied with.  Whether it is necessary, to make this defence available, that the obligee should know of this condition, it is not necessary to decide. If the bond contains the names of other obligors, and is delivered without the signature of all, the obligee must inquire whether those who have signed consent to its being delivered without the signatures of the others.  The case of *Pawling et al.* v. *the United States*, 4 Cranch's R. 219.  *United States* v. *Lefflers*, 11 Peters' R. 86.  *Johnson* v. *Baker*, 4 Barn. & Ald. 440, are authorities that this defence will avail those who thus sign a bond if the other signatures are not procured.

The bond was given over to the plaintiff in this situation, with the signatures of only two of the obligors, and so remained during the year that Parkhurst, the principal, was deputy sheriff, and when all the acts and neglects of Parkhurst were done or suffered, which would occasion a liability on the bond. Austin and May were not then liable therefor, as their contemplated obligation had not taken effect, and if they knew of the default of Parkhurst they must also have known that they were not liable therefor, unless the other persons who were to be sureties with them were also liable.

If after the default of Parkhurst this bond had been executed and delivered by all who now appear as signers, it is not doubted but that all would be liable. A bond of indemnity may as well be taken to secure for defaults previous to the delivery as for those which may be subsequent. But it should appear that the obligors so intended at the time of the delivery, and to bring this principle to aid the plaintiff's case, it should be shown that the first signers assented to a delivery and perfecting of the bond after the defaults had happened. This has not been shown in the case before us.— The signatures, which were obtained after the year and after the bond had been sued, cannot give effect to the bond not only against themselves but against those who were not liable for the acts of Parkhurst as deputy sheriff.

It was argued at the bar, and truly, that the first signers contemplated a delay in obtaining the signatures of the others. They never contemplated, however, or assented that the bond should go out of the possession of Parkhurst before the others had signed, nor could they have contemplated that a liability should be created against them at any subsequent period by the act of others against their will and without their consent. Possibly, if the others had signed within a reasonable time, although the bond had been handed over to the plaintiff by Parkhurst, they might have been liable. But it would not be a reasonable time to do this after the year had expired and after Parkhurst had ceased to be a deputy sheriff, so that the bond, when it was delivered, should be delivered as a forfeited bond. The conclusion is, that as to some of the defendants, they never agreed to become sureties for the acts of the principal unless others should become jointly

sureties with them.   They never consented to become liable for the past defaults of Parkhurst, and therefore the bond declared on was not the joint bond of the defendants.

The judgment of the county court is, therefore, affirmed.