Butler *v.* Starrett.

--------◆--------

52    281
100    423

NATHANIEL BUTLER *versus* WILLIAM E. STARRETT and ADONIRAM J. DAY, *trustee.*

A person, summoned as trustee, will not be entitled to costs, when he comes and files, on the 7th day of the first term, the written declaration (made under oath and mentioned in § 13, c. 86 of the R. S.,) denying that, "at the time of the service of the writ upon him, he had any goods," &c., "belonging to the principal defendant, in his possession," and that he "thereby submits himself to further examination, on oath;" unless, in accordance with the 12th rule of Court, he "give written notice to the attorney for the plaintiff" that "*he presents himself for examination,*" or in the absence of said attorney, "cause to be entered upon the docket" *that he presents himself for examination.*"

Filing such a declaration, and causing to be noted upon the docket "(7) trustee disclosure of A. J. Bird, received and filed," &c., is not sufficient.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

The question raised is, whether the person summoned as trustee in this action may recover costs.

On the 7th day of the first term, the alleged trustee came and filed his general declaration, signed, and sworn to be-

fore the clerk, denying that, "at the time of the service of the writ upon him, he had any goods, effects or credits of said principal defendant in his possession," thereby "submitting himself to further examination on oath," and praying "to be discharged and for his costs."

The plaintiff's attorney was not in Court, when the above declaration was filed, nor at any time thereafter during the term, which closed the next day.

The entry upon the docket was as follows :—"(7) trustee dis. of A. J. Bird, received and filed, Feb. term, 1863."

The case was continued until April term, when the alleged trustee appeared three successive days to disclose further, but no interrogatories were put to him by the plaintiff's counsel, and the alleged trustee was discharged, claiming costs which were allowed by the clerk. An appeal was taken to the presiding Judge who affirmed the adjudication of the clerk, and the plaintiff excepted.

*A. P. Gould*, for the plaintiff.

*L. W. Howes*, for the trustee.

The opinion of a majority of the Court was drawn by

CUTTING, J.—Statute c. 86, § 13, provides that,—"If any supposed trustee comes into Court at the first term, and submits himself to examination on oath, *after* having, in writing, declared that, at the time of the service of the trustee process upon him, he had not any goods, effects or credits of the principal in his possession, he shall be entitled to his costs, as in civil actions where issue is joined for trial."

The allegation in the plaintiff's writ, in substance, is, that the principal defendant is indebted to the plaintiff, and, at the same time, the supposed trustee is indebted to the principal defendant; which, if true, there would be no necessity of the appearance of either in Court, but they should submit to a default, and the funds in the possession of the trustee would, by operation of law, and comparatively at small expense, be transferred to the judgment creditor to

the amount of his judgment, not exceeding, however, the amount in the trustee's hands at the time of service of the process upon him, which, if not paid to the officer holding the execution, on demand, within thirty days after judgment, would render such delinquent trustee liable to the process of *scire facias*.

But, in this case, it would seem, that the supposed trustee was justified in coming into Court and denying the plaintiff's allegation as to him. He does appear at the first term, and declares, in the language of the section, that at the time of the service of the trustee process upon him, he had not any goods, effects or credits of the principal defendant in his possession. Such denial was, in *Toothacre* v. *Allen & trustee*, 41 Maine, 324, considered in the nature of a plea; and in *Moore* v. *Towle & trustee*, 38 Maine, 133, equivalent to an answer in a bill in equity, both of which issues were to be settled on ulterior proceedings. This denial, plea or answer it was necessary for the trustee to make *before*, and as preliminary to submitting himself to examination on oath. The mere filing of such denial would constitute no submission, no more than a prior filing of a plea of the general issue would of itself constitute a defence, in the absence of the defendant when the case was called up for trial; or, in other words, a plea filed, never, in practice, dispenses with the personal attendance of the party so as to prevent a default.

*Now*, the trustee contends that, having appeared the first term and filed his denial, in the absence of both the plaintiff and his attorney, he is entitled to costs because, he argues, that such an act is equivalent to submitting himself to examination on oath. To whom did he submit himself to examination? Not to the party interested, or to any party. To submit to an examination implies an examining party authorized to put interrogatories eliciting true answers. *There has been no such submission*.

Is the trustee excusable for such neglect? The case finds that the declaration was filed on the seventh day of the term, the day previous to the final adjournment, and that the plain-

Butler *v.* Starrett.

tiff's attorney was not present during the term. Upon which finding, it is contended that the trustee was excused from submitting himself to an examination under oath; inasmuch as no party was in Court to whom he could submit himself. Such excuse may be plausible, but not legal. The statute is peremptory that the submission shall be at the first term, and this Court has made ample provision for just such a contingency.

RULE 12. "In cases of foreign attachment, when any trustee shall present himself for examination, he or his attorney shall give written notice to the attorney for the plaintiff, *or, in his absence*, cause the same to be noted on the docket; and, upon motion, the Court may fix a time for the disclosure to be made."

In the absence of the attorney it was incumbent on the trustee to cause to be entered upon the docket that "he presented himself for examination," and, upon motion, to have a time fixed for the disclosure.

The absence of the plaintiff's attorney might dispense with the written notice, but not with such entry upon the docket and an order thereupon fixing the time for a disclosure. No such docket entry was made—no such time was fixed, and the rule was *wholly* disregarded. We cannot sanction such a practice, and we consider the party, who attempted it, to have forfeited all claim to judicial sympathy.

*Exceptions sustained—costs disallowed.*

DAVIS, WALTON, BARROWS and DANFORTH, JJ., concurred.

The following dissenting opinion was drawn by

APPLETON, C. J.—On the seventh day of the first term, the trustee came into Court and made the following disclosure in which he submitted himself to further examination on oath:—

"And now at the said term of the Court, being the term at which said action was entered, said Bird, one of the alleged trustees, comes into Court and declares that, at the time of

the service of the writ in said action upon him, he had not any goods, effects or credits of said principal defendant in his possession, and said *Bird hereby submits to further examination on oath,* and asks to be discharged and for his costs."

This was subscribed by the trustee in person and sworn to in open Court before the clerk, and placed upon the files of the Court and notice thereof entered upon the docket. The plaintiff's attorney was not then in Court, nor did he afterwards come into Court during the term.

At the succeeding term, on motion of the plaintiff's counsel, the trustee, by order of Court, appeared, but no additional disclosure being desired by the plaintiff, he was discharged.

Did the trustee, by so doing, entitle himself to costs?

It is provided by R. S., c. 86 § 13, that "if any supposed trustee comes into Court at the *first* term and *submits himself* to *examination, on oath,* after having in writing declared that at the time of the service of the trustee process upon him, he had not any goods, effects or credits of the principal defendant in his possession, he *shall be entitled to his costs,*" &c.

The trustee, in this case, has brought himself within the letter as well as the spirit of the statute. He has done the precise things required by the statute to entitle him to costs, and at the time and in the mode thereby prescribed. He has been guilty of no omission whatsoever.

But the plaintiff contends that he has failed to comply with the 12th rule of this Court relating to trustee disclosures and thereby has forfeited his claim to costs.

The rule, so far as applicable, is as follows :— "In cases of foreign attachment, when any trustee·shall present himself for examination, he, or his attorney, shall give written notice thereof to the attorney for the plaintiff, or, in his absence, cause the same to be *noted on the docket;* and, *upon motion,* may fix a time for the disclosure to be made."

The plaintiff's attorney being absent, notice could not be

served upon him. The docket, which is the register on which are minuted briefly the acts of the Court and all proceedings therein, and which is at all times open for public inspection and information, is, by the rule, made the medium of notice to parties in Court. It would have been so without the rule. On this register, the acts of the Court, and papers and documents on file in Court, motions, pleadings, &c., are not entered at length, but minutes thereof which indicate where more extended and minute information may be found or from which the records of the Court are to be extended.

Now, of what, under this rule, was the plaintiff's counsel entitled to notice? Simply, that the trustee has *presented himself for examination.* The paper, which had been placed on file, contained that precise information under oath. It was not to be expected that the whole would be extended on the docket. The docket contained the entry. "(7) The dis. of A. J. Bird rec'd and filed Feb. T. 1863."

The statute prescribed what the disclosure should contain to entitle the trustee to costs — that he must make a general disclaimer of goods, &c., and submit himself to examination, on oath — the first term. This being done, and notice thereof entered on the docket, he has fully complied with the statute and the rule. No attorney could be misled by such a docket entry. It is the one universally made since the organization of the State. All the attorney for the plaintiff had to do was to read the paper filed, and he would see that the trustee submitted himself to examination, and he could then determine whether he wished further to examine him.

The trustee had no occasion to proceed further. Unless he had goods, effects and credits, he could not make a further disclosure. The motion for a further examination is to be made by the party requiring additional information.

A simple notice on the docket, that the trustee presented himself for examination at the return term, would not have entitled the trustee to costs. He must do all the statute re-

quires. This he has done with technical precision. He has in addition substantially complied with the rule of Court. He was entitled to a discharge upon the disclosure filed, in case no further examination was required.

The rule does not require the trustee to make the motion for fixing the time for the. disclosure. It leaves it to any party to make it. There was no reason why he should make it. Having already disclosed that he had no funds, and having submitted himself to further examination, he was entitled to a discharge, unless some other party to the suit should desire a further disclosure and should move the Court to fix the time for that purpose. The trustee, both by statute and by the rule of Court, is entitled to costs.