[No. 3,606.]

## T. T. TIDBALL v. JOHN C. HALLEY, J. C. GOODS AND E. D. SHIRLAND.

CONSTRUCTION OF PLEADING.—In an action against the sureties on an official bond, if the defendants allege in their answer, that they signed with the express understanding that the bond should be signed by certain other persons, naming them, without stating that this understanding was with the obligee, it will be presumed that the understanding was with the principal in the bond.

SURETIES ON AN OFFICIAL BOND.—If sureties on an official bond sign with an express understanding with the principal in the bond, that certain

other persons shall sign as sureties, and that unless such other persons sign, it shall not be delivered, a delivery of the bond to the obligee, without the signature of such other persons, does not render it invalid as to the sureties who do sign.

DELIVERY OF BOND.—In an action on an official bond, the production of the bond in Court by the obligee, is sufficient evidence of its delivery.

DEPUTY COLLECTOR OF INTERNAL ·REVENUE.—A collector of internal revenue, for a district, must appoint his deputies by an instrument in writing, but need not assign a deputy to a portion of the revenue district by an instrument in writing.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff appointed John C. Halley his deputy, October 1, 1868, and did not, in his written appointment, assign him to any particular portion of the district. The district of which the plaintiff was collector, included the counties of Alameda, Santa Clara, Santa Cruz, Monterey, San Luis Obispo, Santa Barbara, Los Angeles, San Bernardino and San Diego. The plaintiff verbally assigned Halley to the county of Alameda. The bond was signed by Halley as principal, and by Goods and Shirland, as sureties. They allege that it was understood that S. H. Foot, Joseph Davis and George Rolland should sign it before it was delivered. Halley, between the 12th day of October, 1868, and the 4th day of November, 1869, collected money which he failed to pay over, and this action was brought to recover it. The plaintiff had judgment for three thousand seven hundred and twenty-seven dollars° and twenty-four cents. The defendants moved for a new trial, which was granted, and the plaintiff appealed from the order granting a new trial.

*Moore, Laine & Lieb*, for the Appellant.

For the sake of the argument we will concede that these sureties signed the bond upon the express understanding with Halley that two others were to sign it before delivery, and that Halley, in violation of that agreement and understanding, did deliver it to plaintiff.

This was wholly immaterial so long as the plaintiff was

no party to that understanding, and took the bond in good faith; the authorities and the reasoning of the ablest jurists sustain us in this, and we shall content ourselves by citing the authorities, as we can hope to add nothing to the force of the reasoning of the cases we shall cite. They are cases decided by able jurists, and most carefully considered and fully discussed: *Deardorff* v. *Foresman*, 24 Ind. 481; *Blackwell* v. *Simpson*, 26 Ind. 204; *Webb* v. *Baird*, 27 Ind. 368; *York Co. M. F. Ins. Co.* v. *Brooks*, 51 Me. 506; *State of Maine* v. *Peck*, 53 Me. 284, and the cases cited in the foregoing authorities.

We know that there is a case opposed to our view of this matter, viz: *The People* v. *Bostwick*, 43 Barb. 10; 32 N. Y. 448. But this case is not supported by reason or authority, as shown very clearly in the cases cited by us *supra*, and especially in the case of *Deardorff* v. *Foresman*, 24 Ind. 481, and *State of Maine* v. *Peck*, 53 Me. 284. This last case most thoroughly reviewed the New York cases.

*Armstrong & Hinkson*, for the Respondents, argued that the delivery was fraudulent, and that the bond could not be enforced against the sureties who did sign; and cited *People* v. *Bostwick*, 43 Barb. 10; *The Hoboken City Bank* v. *Phelps*, 34 Conn. 102; *Johnson* v. *Baker*, 4 Barn. & Ald. 440; *King* v. *Smith et. al.*, 2 Leigh, 157; *State Bank of Trenton* v. *Evans*, 3 Green, 155; *Fertig* v. *Bucher*, 3 Barr. 310; *Pawling* v. *The United States*, 4 Cranch, 219; *Ward* v. *Churn*, 18 Grattan, 801; *Smith* v. *South Royalton Bank*, 32 Vt. 347; *Fletcher* v. *Austin*, 11 Vt. 447; *Perry* v. *Patterson*, 5 Hump. 135; *The United States* v. *Liffer*, 11 Pet. 93, 94; *Parker* v. *Bradley*, 2 Hill 584, and *Sharp* v. *The United States*, 4 Watts, 21.

By the Court, RHODES, J. :

The plaintiff, who was the Collector of Internal Revenue for the Second District of California, appointed Halley as his deputy; and the bond in suit, as it is alleged, was given for the faithful performance by Halley of his duties as such

deputy. The sureties alone answer; and they allege, among other things, that their signatures to the bond were obtained with the express understanding that it should be signed by certain other persons named in the answer, and that, without such execution by those other persons, the bond was not to be delivered. It is not alleged that this "express understanding" was with the plaintiff, and the pleading will be construed as referring to the principal. It is not alleged that the plaintiff had notice of that understanding, or that there was anything which put him on inquiry; nor does the evidence in the case charge him with notice. The bond is in the following form:

"Know all men by these presents, that we, John C. Halley, of Alameda county, principal, and J. C. Goods, of Sacramento city, and E. D. Shirland, of Sacramento county, and ——of ——, as sureties, are held," etc. There is nothing on the face of the bond to give the obligee notice that it was intended to be executed by any other person than those whose names are subscribed to it. This presents the principal question in the case, which is, whether a failure to comply with such an understanding between the principal and sureties, as is alleged in this case, will defeat a recovery on the bond as against the sureties, when the obligee has no notice of such understanding, and no fact is brought to his attention sufficient to put him upon inquiry.

There is great diversity among the authorities on this question, and the cases on either side do not agree as to the reasons upon which the conclusion is based. We are of the opinion that *Dair* v. *United States*, 16 Wall. 1, and *State* v. *Peck*, 52 Me. 284, lay down the true rule on this subject; which is, that such facts as above stated will not defeat a recovery against the sureties. And this conclusion, we think, is sustainable upon principle.

No proof of the execution of the bond was required, as the defendants did not deny the allegation of the complaint that it was signed by them; and its production by the obligee is sufficient evidence of its delivery.

The tenth section of the Act of May 30, 1864 (13 U. S. Stat. at Large, 225), provides that a deputy-collector shall

be appointed by an instrument in writing, but does not provide that the assignment of a portion of the revenue district to such deputy shall also be in writing; and, therefore, as we construe the statute, it was not essential that a written assignment of a portion of the district to Halley, as such deputy, be shown.

The other points do not require any particular notice. Order granting a new trial reversed, and cause remanded.

Mr. Chief Justice WALLACE did not express an opinion.