NEY, respondent, *v.* ORR, appellant.

LIABILITY OF SURETIES UPON A BOND NOT SIGNED BY THE PRINCIPAL — *estoppel.*  N. obtained a judgment in the probate court against K.  K. appealed and gave a bond, in the body of which his name appeared as the principal and the appellants as the sureties, with the usual condition of a statutory undertaking on appeal.  N. recovered judgment against K. in the district court and then commenced this action against the sureties on the bond.  At the trial the sureties offered evidence showing that the bond was delivered to the probate judge with directions not to file the same until K. signed it; that the judge promised so to do but filed the bond without K.'s signature; and that the sureties did not know it was filed until the appeal had been determined.  The evidence was excluded by the court.  *Held*, that the bond is not a statutory undertaking on appeal, and that the sureties are not liable thereon.  *Held*, also, that N. had notice of the insufficiency of the bond on its face when it was filed, and that the evidence should have been admitted.  *Held*, also, that the sureties are not estopped from denying the validity of the bond.

*Appeal from Third District, Meagher County.*

THE case was tried by WADE, J., with a jury.

S. ORR, for appellant.

The court erred in excluding the evidence offered by appellant. No bond, showing on its face, or that is proved to have been signed by some parties on condition that others were to sign it before it should be used or delivered, is legal or binding on those signing conditionally. If the bond is in such a condition that a party cannot know from its appearance that it is incomplete, a principal may take advantage of an innocent party. *Nash* v. *Fugate*, 18 Am. Rep. 640 (24 Gratt. 202); *Wood* v. *Washburn*, 2 Pick. 24; *Swan* v. *Stedman*, 4 Metc. 548; *Sweetser* v. *Hay*, 2 Gray, 49; *Dillon* v. *Brown*, 11 id. 179; *Sacramento* v. *Dunlap*, 14 Cal. 421; *Bean* v. *Parker*, 17 Mass. 591.

CHUMASERO & CHADWICK, for respondent.

No motion for a new trial has been heard, and there is nothing before this court except certain exceptions to the ruling excluding evidence by appellant. The cases cited by appellant are not in point. They do not relate to appeal bonds.

An undertaking on appeal is a voluntary undertaking, not executed under legal compulsion. It differs from official bonds. It is a means of procuring a private benefit in the extension of time of payment. *Forest* v. *Havens*, 3s N. Y. 469.

An undertaking on appeal is an independent contract on the part of the sureties in which the principal need not unite. Civ. Pr. Act, §§ 381, 412; *Bellinger* v. *Gardiner*, 12 How. Pr. 381; *Dore* v. *Covey*, 13 Cal. 409; *Tidball* v. *Halley*, 48 id. 713; *Dair* v. *United States*, 16 Wall. 1.

The delivery of the bond to the probate judge did not affect the liability of the sureties. There was already a judgment against the principal. Respondent was not liable for the act of this officer, who was the agent of appellant. Appellant has had the benefit of the bond, and respondent has been delayed in the collection of his debt against Kay.

One co-obligor may deliver a bond to another co-obligor as an escrow, but the delivery of an instrument to an obligee or payee, or the agent of either, is absolute in law. *Deardorff* v. *Foresman*, 24 Ind. 481; *Webb* v. *Baird*, 27 id. 368.

WADE, C. J.   This action originated in that of respondent against Kay in the probate court of Meagher county.  The respondent obtained a judgment and Kay appealed to the district court, where the respondent again recovered a judgment.  To procure and perfect this appeal Kay caused to be executed a certain bond signed by the appellants as sureties, on which the respondent instituted this action and recovered a judgment against the sureties, who bring this appeal therefrom.   The bond is in the following form :

"Know all men by these presents that we, Henry Kay, as principal, and Sample Orr and David P. Rankin, as sureties, are held and firmly bound unto William H. Ney in the sum of $616.20, lawful money of the United States of America, to be paid to the said William H. Ney, his executors, administrators or assigns, for which payment, well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators, jointly and severally, firmly, by these presents.   Sealed with our seals and dated this 4th day of December, A. D. 1871."

Then follows the usual condition in an undertaking for an appeal.   The bond was signed by said Orr and Rankin, but was not signed by said Kay.   The form of this instrument made it a bond for all purposes, as distinguished from a statutory undertaking, and it was drawn to be signed by Kay, as the principal, and his name appears in the body of the bond.   The instrument was not signed by said Kay, and showed upon its face that it was imperfect.

On the trial testimony was introduced by the appellants tending to show that the bond was signed by the sureties and delivered to the probate judge with express directions that the same be not filed until it was signed by said Kay ; that the judge promised to heed these directions, but filed the bond without the signature of Kay ; and that the sureties did not learn this fact until the appeal had been determined.   On the motion of the respondent this testimony was withdrawn from the jury as immaterial, and the appellants duly excepted by their bill of exceptions.

Was this testimony properly excluded ?   This question can be answered by determining whether the bond is of any validity without the signature of the principal obligor.   This bond was

given to appeal a case to a higher court in the place of the statutory undertaking, which would have answered every purpose, but it must be construed like any other bond. The rights of the sureties are the same as if this was a common law or official bond which had not been signed by the principal.

These sureties contracted a conditional obligation only by the instrument they signed. They bound themselves jointly and severally with Kay, their principal, and in no other manner, and entered into no independent undertaking for themselves. They made a joint and several promise with Kay, but no promise without him. They undertook to pay any judgment the district court might render against Kay, he being liable with them upon the bond, if he did not pay it. This appears upon the face of the bond. Without Kay's signature, as the principal obligor, an inspection of the instrument shows it to be incomplete. When this bond was filed and the cause appealed thereby, Ney was charged with notice of this defect. The fact that Kay was liable upon the judgment, after its rendition in the district court, does not change the rights of the sureties. This judgment did not render Kay liable upon the bond with the sureties. If a judgment should be entered against appellants for the amount of the judgment in the district court, and they should be compelled to pay it, their remedy would be an action against Kay to recover the amount so paid. But they took upon themselves no obligation to do any thing of the kind. They promised to pay whatever should be recovered upon the bond against Kay, if he did not pay it, and under such circumstances, the judgment against their principal would belong to them. The sureties enter into the obligation with express reference to their rights and their principal's responsibility.

The authorities seem to uphold these views. In *Sacramento* v. *Dunlap*, 14 Cal. 421, the defendant was required to give a bond for the faithful performance of official duty. The instrument, on which the suit was brought, was filed and approved as such bond. The court says: " It (the bond) purports to be the joint bond of Dunlap, as principal, and of Gass and Tucker as sureties, but is only signed by the sureties. It bears neither the signature nor the seal of Dunlap, and the question for determination is whether the

intended principal, or the sureties, are bound by it. We are clearly of opinion that they are not. As Dunlap has never put his signature to it, the instrument is not his deed.   *   *   *   The liability of the sureties is conditional to that of the principal. They are bound if he is bound, and not otherwise. The very nature of the contract implies this. The fact that their signatures were placed to the instrument can make no difference in its effect. It purports on its face to be the bond of the three. Some one must have written his signature first, but it is to be presumed, upon the understanding, that the others named as obligors would add theirs. Not having done so, it was incomplete and without binding obligation upon either."

The supreme court of Massachusetts in *Bean* v. *Parker*, 17 Mass. 604, says: "We think it essential to a bail bond that the party arrested should be a principal; it is recited that he is; and the instrument is incomplete and void without his signature. The remedy of the sureties against the principal would wholly fail or be much embarrassed, if such an instrument as this should be held binding." See also *Wood* v. *Washburn*, 2 Pick. 24; *Sharp* v. *United States*, 4 Watts, 21; *Fletcher* v. *Austin*, 11 Vt. 447; *Johnson* v. *Erskine*, 9 Tex. 1. In *Russell* v. *Annable*, 109 Mass. 72, the court says: "It was essential to the bond that the principals should be parties to it; it is recited that they are so, and the instrument is incomplete and void without their signatures. *   *   *   The sureties on a bond are not holden, if the instrument is not executed by the person whose name is stated as the principal therein."

It may be considered as settled that a bond perfect on its face and apparently duly executed by all whose names appear thereto, purporting to be signed and delivered, and actually delivered without a stipulation, cannot be avoided by the sureties upon the ground that they signed it on condition that it should not be delivered unless it was executed by other persons who did not execute it — where it appears that the obligee had no notice of such condition, and there was nothing to put him on inquiry about the manner of its execution, and that he had been induced upon the faith of such bond to act to his own prejudice. *Dair* v. *United States*, 16 Wall. 1; *Nash* v. *Fugate*, 18 Am. Rep. 640 (24 Gratt.

202); *Tidball* v. *Halley*, 48 Cal. 610; *Deardorff* v. *Foresman*, 24 Ind. 481; *Webb* v. *Baird*, 27 id. 368.

These authorities are not applicable to this case. Here the bond was imperfect on its face, a bond of two sureties without a principal, and the obligee must have had notice thereof. Sufficient appeared upon the face of the bond to put him on inquiry about its execution.

From the opinion delivered in the district court, which is in the transcript, this case seems to have been there tried, as if this bond, having performed the office of appealing the case, must therefore be taken and held a statutory undertaking for that purpose. If this view could be upheld, the decision of the court below would be correct, for the contract of the sureties to a statutory undertaking is an original independent contract, to which the signature of the principal is not essential. *Curtis* v. *Richards*, 9 Cal. 33. The instrument sued on is a common-law bond and the rights of the parties must be determined accordingly.

The respondent contends that Kay has had the benefit of this bond and secured an appeal thereby, and that therefore the sureties are estopped from denying its validity. If this principle applies to Kay, we fail to see its application to the sureties. The appeal was taken under a bond, which is void on its face, and the respondent might have caused the appeal to be dismissed, but he preferred a new trial in the district court. Therefore, the bond operated as much in his favor as in that of Kay. The appellants stand upon the letter of their bond. Having signed an obligation, void upon its face, and this being the extent of their action in the premises, we cannot see how they are estopped from denying the validity of their bond.

The judgment is reversed.

*New trial granted.*