# THE SINGER MANUFACTURING COMPANY, APPELLANT, *v.* GILBERT D. DRUMMOND, RESPONDENT.

*Conditional execution of a bond by a surety — when a failure of the principal to comply with it is not available, as a defense to the surety, in an action by the obligee.*

One Jones, who was employed by the plaintiff to sell property and collect money, delivered to it a joint and several bond, executed by himself as principal and by the defendant as surety, conditioned that Jones would pay over to the plaintiff all moneys received by him as its agent. After the bond was executed it was left with Jones, upon the agreement between him and the defendant that it should not be used or delivered to the plaintiff until the father or uncle of Jones executed the bond as a co-surety. The bond which was regular on its face, containing nothing to suggest a suspicion that it was not complete, was delivered to the plaintiff without being signed by either the father or uncle, and was received by it without notice of the agreement.

*Held,* that the violation of the agreement furnished no defense to an action brought by the plaintiff to recover money collected by Jones and wrongfully appropriated by him to his own use.

*People* v. *Bostwick* (32 N. Y., 445; S. C., 43 Barb., 9) and *Grimwood* v. *Wilson* (31 Hun, 215) distinguished and criticised.

APPEAL from a judgment in favor of the defendant, entered in the Oneida County Court upon the report of a referee.

Morell A. Jones was employed by the plaintiff as an agent to sell property and collect money. March 31, 1879, Morell A. Jones, as principal, and the defendant as surety, executed a joint and several bond to the plaintiff, conditioned that Jones should pay over to plaintiff all moneys received by him as agent. After the bond had been executed it was left with Jones, upon the agreement between Jones and the defendant that it should not be used or delivered to the plaintiff until the father or uncle of Jones executed the bond as co-surety. The bond was delivered to plaintiff without having been executed by either the father or uncle. The plaintiff had no notice of the secret agreement between Jones and defendant; the bond was regular on its face, and there was nothing to suggest a suspicion that it was not complete, or that it was to be executed by another. Jones collected and wrongfully appropriated to his own use $487.35 of plaintiff's money, for the recovery of which this action was brought on the bond. The sole defense was, that the bond was

delivered in violation of the agreement between the principal and surety, and that the surety was not bound.

The referee held that the agreement was a good defense, and ordered judgment for the defendant, which was entered; from which the plaintiff appealed.

*William Townsend*, for the appellant.

*Scripture & Backus*, for the respondent.

FOLLETT, J. :

The judgment in this case was ordered upon the authority of *People* v. *Bostwick et al.* (43 Barb., 9; affirmed, 32 N. Y., 445), and *Grimwood* v. *Wilson* (31 Hun, 215).

In *People* v. *Bostwick et al.*, Bostwick, one of the obligors, did not defend, and it was proved by the defending obligors that they executed the bond upon condition that it should be executed by Dickinson before delivery. The report of the case (43 Barb., 12) shows that " he (Bostwick) told the auditor (who accepted the bond) that Dickinson would call and sign the bond, and the auditor replied that it was good enough as it was." In that case the auditor had notice that another person was to sign, which was sufficient to put him upon inquiry as to the rights of those who had signed. In *Russell* v. *Freer* (56 N. Y., 67) the defendants executed a bond to secure the faithful discharge of the duty of a deputy collector of internal revenue to his principal. When defendants executed it the name of James Dolson was written in the body of the bond as a co-obligor, and they executed and delivered it to the deputy, upon the expectation that it was to be signed by James Dolson before delivery to the collector. Subsequently James Dolson's name was stricken from the bond without defendant's knowledge, and in this condition delivered to the obligee.

It was held that these facts constituted no defense, upon the ground that defendants, by executing and leaving the bond with the deputy, placed it within his power to deliver it as a valid and complete instrument ; and that it was a case for the application of the maxim that when one of two innocent parties must sustain a loss from the wrongful act of a third, the loss must be borne by the one who has enabled the wrong-doer to commit the act. This case was

decided upon the authority of *Dair* v. *The United States* (16 Wall., 1), and *State* v. *Peck* (53 Me., 284), both of which criticise *People* v. *Bostwick.* Judge GROVER, in speaking for the court in *Russell* v. *Freer* (all concurring), said that it may well be questioned whether *People* v. *Bostwick* was well decided. In *Grimwood* v. *Wilson* (*supra*) an undertaking, on appeal to the Court of Appeals, was executed by one surety upon condition that another surety should execute it, which the appellant and principal obligor in the undertaking failed to have done, but filed it as executed. Section 335, authorizing undertakings on appeal, provided that they must be executed by "at least two sureties." The court held the surety was not liable upon the ground that the obligee was presumed to know the law, and that the circumstances were sufficient to put him to an inquiry as to whether the surety executing it consented to assume the whole responsibility. Neither of the cases relied upon control the case at bar. In this case the bond was perfect on its face as found by the referee and as it appears to us upon an inspection of the original. The obligee was without notice that it was executed conditionally and without knowledge of any fact which should have put him upon inquiry, and under such a state of facts we think he was bound. (*Dair* v. *The United States*, 16 Wall., 1; *Butler* v. *United States*, 21 id., 272; *Richardson* v. *Rogers*, 50 How. Pr., 403; *Tidball* v. *Halley*, 48 Cal., 610; *State* v. *Peck*, 53 Me., 284; Murfree on Bonds, §§ 44, 166.)

In many cases an agency is implied by law from the relation of parties or from necessity. (Story's Ag., §§ 58, 89.) When several joint and several obligors entrust one of their number with the possession of a bond, perfect in form and substance, which is accepted and acted upon by the obligee in good faith and without sufficient notice to cause a prudent man to inquire into the circumstances of its execution or to suspect the existence of collateral infirmities, the obligors will be presumed to have authorized its delivery and estopped from proving the contrary. Bonds in legal proceedings, by trustees, guardians, public officers and by private individuals, have become important and necessary instruments without which public and private business cannot well be carried on; and a rule requiring obligees to have a delivery from all of the obligors or run the risk of having the security destroyed by secret

oral agreements between the obligors, will be productive of great embarrassment in public and private affairs.

The judgment is reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment of Oneida County Court reversed and a new trial ordered in that court, with costs of the appeal to abide the event.