## STATE v. WELBES *et al.*

Where one signed an official bond as surety on the condition, known to the obligee, that it was not to bind him unless others jointly became sureties with him, he is not liable thereon unless the condition is performed.

(Opinion filed January 10, 1900.)

Appeal from circuit court, McCook county. HON. JOSEPH W. JONES, Judge.

Action by the state against Stephen Welbes and others to recover upon an official bond. From a judgment for certain defendants, the state appeals. Affirmed.

The facts are stated in the opinion.

*John L, Pyle,* Attorney General, and *Alva E. Taylor,* Assistant Attorney General, for the appellant.

*A. C. Biernatzki* and *Aikens & Judge,* for respondents.

FULLER, P. J. This action upon an official bond to recover $4,800 resulted in a judgment against the principal, a county treasurer, and in favor of all the other defendants, each of whom it was sought to charge as a surety. The facts rightfully found by the jury squarely present the question whether persons conditionally executing a bond or undertaking perfect on its face can escape liability on the ground that, by an express promise that the same should not be delivered, used, or become operative until signed by some 25 other persons, they were induced to become parties thereto, and in violation of such assurance (but for which they would not have signed) such instrument, without the additional sureties, was by the principal delivered to and accepted by the obligee with actual notice that the obligors named had undertaken to become such only upon condition that the bond was not to be delivered until all the other sureties, some of whom were designated by name, had been secured. The view of counsel for respondents is stated in their brief as follows: "The sureties on an official bond, by the act of giving their principal the possession and control of the bond after they have affixed their signatures thereto, constitute him their agent for the purpose of delivering it to the proper authorities, and, if some one is to suffer because he has exceeded his power,—as by delivering the bond without securing the signature of a person who, it was understood, was to be one of the obligors,—the loss must fall on

the sureties who have thus declared by their acts that he could be relied upon to carry out their instructions, unless it be shown that the obligee has notice, either actual or constructive, that the conditions under which he obtained possession of the bond have not been complied with." The doctrine thus enunciated seems to be sustained by the weight of logical adjudications. King Co. v. Ferry, 5 Wash. 536, 32 Pac. 538; Cutler v. Roberts, 7 Neb. 4; Duncan v. U. S., 7 Pet. 435, 8 L. Ed. 738; Fletcher v. Austin, 11 Vt. 447; Pepper v. State, 85 Am Dec. 430. Concerning the legal status of sureties having signed a bond on condition that the principal shall, before its delivery, procure the names of other sureties, and the bond has been delivered in violation of such condition, Mr. Mechem (at page 279 of his treatise on the Law of Public Officers) thus tersely states the rule in accordance with the principles laid down in the foregoing cases: "If the person seeking to enforce the bond knew, or had, either from the face of the bond or from any other source, notice suffiient to have put him, as a reasonably prudent man, upon an inquiry which would have disclosed the facts, he cannot enforce it against the sureties in violation of the condition." Upon the theory that the principal in such a case is the trusted agent of the sureties, in whom the obligee has imposed no confidence, such sureties are bound by all acts performed or representations made by him within the scope of authority, real or apparent, unless the obligee has notice of conditions not fulfilled. In such event, however, no recovery can be had, beeause it is the duty of those having authority to approve official bonds to use ordinary care and prudence to protect not only the public, but the sureties; to see that the security is available, and the bond valid. Murfree,

Off. Bonds, §§ 43, 44. Although the county treasurer and principal obligor was not acting in any sense as the agent of the obligee, his acts were afterwards with full knowledge adopted upon its behalf by the board of county commissioners, who alone had authority to approve his official bond, and parol evidence is admissible to show the facts. Black v. Lamb, 12 N. J. Eq. 108. Respondents having never agreed to bind themselves unless others should jointly become sureties with them, of which fact appellant was fully advised, our conclusion is that they are not liable, and the judgment appealed from is affirmed.