CITY OF BUTTE, APPELLANT, *v.* COOK ET AL.,
RESPONDENTS.

(No. 1,651.)

(Submitted October 7, 1903.   Decided November 4, 1903.)

*Municipal Corporations—Construction of Sewer—Contractor's Bond—Defect in Street — Indemnification of City—Judgment Against City—Effect—Failure of Surety to Sign—Liability of Co-Surety.*

1. In a suit by a city against a sewer contractor to recover indemnity for liability for a defect in a street, the judgment roll in the case, in which the city's liability was determined, showed that the plaintiff therein had located the excavation into which she fell. The record showed that the contractor had made an affidavit in; that case that he was the contractor for putting in a sewer at that location during that year, and in this case he testified that he was the contractor constructing the sewer, and remembered the night of the accident to the plaintiff in the former case. *Held,* that it sufficiently appeared that the excavation which caused the original injury was made by the contractor.

2. Under Civil Code, Section 3586, relating to the interpretation of contracts of indemnity, and providing that judgment against the indemnified person shall be conclusive against the indemnifying person if he had reasonable notice of the action, and otherwise shall be presumptive evidence against

him, the burden is on the indemnifying person in a suit on the contract of indemnity to rebut the presumption thus raised; and whether the evidence he presents is sufficient for that purpose is a question of fact, so that a peremptory instruction in his favor is error.

3. Where the names of two sureties appear in the body of an indemnifying bond, which is, however, signed by but one, the condition of the bond is notice to the obligee, so as to permit the defense, by the surety signing, that his liability was conditioned on obtaining the signature of his co-surety.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by the city of Butte against L. E. Cook and another. From an order denying plaintiff's motion for a new trial, after judgment for defendants, plaintiff appeals. Reversed in part, and affirmed in part.

*Mr. J. L. Templeman,* and *Mr. Edwin M. Lamb,* for Appellant.

The judgment roll in case No. 6,404 is conclusive evidence of the following facts: The amount of damages sustained by Margaret Joyce; the existence of the dangerous obstruction in Main street, at the point where the alleged injury occurred; the freedom of the injured person from negligence, and the rendition of judgment in favor of the injured person and against the city of Butte. (*City of Chicago* v. *Robbins,* 2 Black, 418; *Robbins* v. *Chicago,* 4 Wall. 658, 672; Van Fleet's Former Adjudication, p. 1169, Sec. 576; *Missouri Pac. R. R. Co.* v. *Twiss,* 53 N. W. 76; *New York* v. *Brady,* 151 N. Y. 611; *Pickett* v. *Ford* (4 How.), 5 Miss. 246, 250; Sherman & Redfield on Neg. 4th Ed. Sec. 301.)

The defendant Bray is liable upon the indemnifying bond, notwithstanding the failure of Oppenheimer to sign said bond. (*Byers* v. *Gilmore,* 50 Pac. 307.)

*Mr. John N. Kirk,* for Respondents.

The respondents were not bound by the judgment rendered against the city of Butte, and they were entitled to make their

defense in this action as though said judgment had never been rendered. Respondents could set up and prove any defense they could have proved in the original suit, if they had been parties to it. (*Bryant* v. *Owen,* 1 Ga. 355; *Bradwell* v. *Spencer,* 16 Ga. 578; *Jackson* v. *Griswold,* 4 Hill, 522; *Douglas* v. *Howland,* 24 Wend. 35; *Pico* v. *Webster,* 14 Cal. 203; Civil Code, Sec. 3586, Subd. 6; 1 Freeman on Judgments, Sec. 181; *Saveland* v. *Green,* 36 Wis. 612; *Axford* v. *Graham,* 57 Mich. 422; *Somers* v. *Schmidt,* 24 Wis. 421; *Hersey* v. *Long,* 30 Minn. 114; *Boyd* v. *Whitfield,* 19 Ark. 447; 1 Greenleaf on Evidence, Secs. 522-523; Brandt on Suretyship, Secs. 630, 636.)

The court properly took the case from the jury and directed them to return a verdict for the respondents. (Code of Civil Proc. Sec. 1104; *McKay* v. *Mont. Union Ry. Co.,* 13 Mont. 15; Abbott's Trial Brief (2d Ed.), 365, 375, 380, and cases cited; 6 Ency. Pl. & Pr. 679; Code of Civil Proc. 1171; *St. Louis, etc. R. Co.* v. *Whitile,* 74 Fed. 296; *Garver* v. *Lynde,* 7 Mont. 108; *Toulouse* v. *Pare,* 103 Cal. 251; *Levitzky* v. *Canning,* 33 Cal. 299; *Pleasants* v. *Fant,* 22 Wall. 116.)

A surety may make any condition he chooses in signing a bond before delivery; and where it is signed by a party whose signature was required as a condition to his signing, the surety will not be bound. (*Hessel* v. *Johnson,* 63 Mich. 623; *Kurtz* v. *Forquer* (Cal.), 29 Pac. 413; Brandt on Suretyship, Secs. 402-403; *Goodyear D. Co.* v. *Bacon* (Mass.), 8 L. R. A. 468.)

MR. COMMISSIONER CALLAWAY prepared the opinion for the court.

In August, 1896, the defendant Cook entered into a contract with the plaintiff respecting the construction of a sewer along one of its streets. The defendant agreed to erect fences and other obstructions around open trenches, or keep lights burning at night, or both, to protect the traveling public during the prosecution of the work; and to pay all damages to persons injured by his neglect to give proper warning. As security for the fulfillment of his contract, he executed to the plaintiff city

an indemnity bond in the sum of $5,000. In the body of the bond Cook appears as principal, with J. E. Oppenheimer and A. F. Bray as sureties. Cook and Bray signed the bond, which contained a provision to the effect that Cook would pay all sums of money, damages, costs and expenses which the city might be compelled to pay by reason of any failure on his part to perform any of the terms or conditions of the contract. During the construction of the sewer Mrs. Margaret Joyce fell into an excavation made by defendant in the course of the work, thereby sustaining severe injuries. She brought suit against the city, alleging in her complaint that the accident occurred without fault or neglect on her part, and "that at the point where plaintiff was precipitated into the said hole or trench in the said street the defendant, in disregard of its duty in that behalf, had failed to erect or construct any barriers or railings in or about said hole or excavation and opening in said street, and had failed and neglected to use any signals to warn persons using the said street of the danger caused by said opening or trench therein, and that the said opening or trench was at a depth of about ten or twelve feet." She prayed judgment for the sum of $7,062. The city filed its answer, denying all of these allegations, and a trial resulted. The jury found for the plaintiff Joyce in the sum of $3,500, and the city thereafter compromised with her, paying her the sum of $2,800. On March 12, 1898, the city of Butte brought suit against the defendants herein, Cook and Bray, to recover of them the sum of $2,800, which had been paid to Margaret Joyce as above set forth. The defendants answered separately. Cook admitted his execution of the contract and bond, and also the construction of the sewer by him, but denied any knowledge or information as to whether Mrs. Joyce was precipitated or fell into any of the excavations as described in plaintiff's complaint, and alleged that if any settlement or compromise was made with her it was without his knowledge or consent, and was against his will. Bray admitted the execution of the bond, but pleaded that, by an express understanding between plaintiff, Cook and himself, he signed it and was to become liable thereon only on condition that one

J. E. Oppenheimer should sign the same as his co-surety, and alleged that Oppenheimer, contrary to the agreement, and without the consent of the defendant Bray, failed to sign it, and therefore said that he (Bray) was not liable thereon. At the trial of this case the judgment roll in the case of *Margaret Joyce, Plaintiff,* v. *City of Butte, Defendant,* was introduced in evidence by the plaintiff.

Defendants introduced testimony tending to sustain their answers, and at the conclusion thereof their counsel moved the court to instruct the jury to return a verdict for them. The court sustained the motion, and entered judgment thereon. Thereupon the plaintiff moved for a new trial, which motion was by the court overruled. From the order denying the plaintiff's motion for a new trial, and from said judgment, the plaintiff appealed. The appeal from the judgment has heretofore been dismissed. The cause stands on appeal from the order only.

The issues presented will be discussed under two heads, as the answers of the defendants present different issues.

Did the court err in sustaining defendants' motion aforesaid?

1. As to the defendant Cook. Plaintiff, appellant here, contends that all of the evidence which Cook introduced tending to show his full performance of the contract was inadmissible, because the evidence in the Joyce case was conclusive against him as to the existence of the excavation and dangerous condition of the street at the place where and time when the accident occurred. Defendant contends that the Joyce judgment is not in any way binding upon him, because, as he alleges, he was not allowed to control the defense in that action, nor did he have reasonable notice of the pendency thereof.

Upon this subject our statute (Section 3586, Civil Code) provides: "In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: (4) The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought

against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so. (5) If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter, suffered by him in good faith, is conclusive in his favor against the former. (6) If the person indemnifying, whether he is a principal or a surety in the agreement, has not reasonable notice of the action or proceeding against the person indemnified, or is not allowed to control its defense, judgment against the latter is only presumptive evidence against the former."

If in a particular case the indemnitor had been requested to defend the action against his obligee under his contract of indemnity and neglected to do so, the judgment is conclusive against him. If he had not reasonable notice of the action, or if, having such notice he was not allowed to control the defense, the judgment is only presumptive evidence against him. This is a question to be decided by the trial court in the first instance. Aside from his contention that he had no notice of the pendency of the Joyce action defendant insists that it does not appear from the Joyce judgment roll, or from the proof adduced in this case, that the excavation into which Mrs. Joyce fell was one made by him in constructing the sewer. In this we differ from defendant. In her complaint Mrs. Joyce identified the excavation into which she fell as being upon Main street, about one block above the intersection of Copper and Main streets. The record shows that Cook was a witness in the Joyce case; and also that at some time prior to the trial he made an affidavit for a continuance therein on behalf of the city in which he swore that he was the "contractor under the city of Butte for doing the excavation and putting in a sanitary sewer on Main street, between Quartz and Woolman streets, in the year 1896." His witnesses in this case all testified concerning the manner in which the work was guarded and lighted, while defendant himself said, "I was the contractor constructing this sewer in 1896, and I remember the night of the accident, when Mrs. Joyce claimed to have sustained some injuries there."

It thus appears that the excavation was sufficiently identified, and that he not only had reasonable notice of the pendency of the action of *Joyce* v. *City of Butte*, but participated in the trial thereof, and having such notice the Joyce judgment was at least presumptive evidence against the defendant Cook, and when it was introduced in evidence the burden was upon him to overcome by a preponderance of evidence, the presumptions it carried with it; whether the evidence he presented was sufficient for that purpose was a question of fact, and solely for the jury to determine. It follows that the court erred in sustaining the motion on part of defendant Cook.

2. The testimony of defendant Bray on his own behalf is undisputed. It is to the effect that he agreed to sign the bond with the understanding that Oppenheimer should also sign it. In company with Cook, Bray went to the city hall for the purpose of signing the bond. One McMillan was in the city clerk's office. The understanding above mentioned was communicated to McMillan, who said there would be no trouble about that, because the city would see that Oppenheimer signed the bond. Who McMillan was does not appear from the transcript, except that he seems to have been the notary public before whom the paper was executed. But whoever he was he evidently had no right to bind the city of Butte by any thing which he might say: but, as we shall see later on, what he said is immaterial. It is conceded, and the record shows, that Oppenheimer did not subscribe his name to the bond.

Mr. Justice Story, in *Miller* v. *Stewart,* 9 Wheat, 703, 6 L. Ed. 189, expresses the general proposition of law in relation to the liability of sureties as follows: "Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms

of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal."

Under the general rule above quoted, however, sureties are not permitted to escape liability by making agreements among themselves, or with their principal, of which the obligee has no notice. Upon this subject this court said, in *Ney* v. *Orr*, 2 Mont. 559: "It may be considered as settled that a bond perfect on its face, and apparently duly executed by all whose names appear thereto, purporting to be signed and delivered, and actually delivered without a stipulation, cannot be avoided by the sureties upon the ground that they signed it on condition that it should not be delivered unless it was executed by other persons who did not execute it, where it appears that the obligee had no notice of such condition, and there was nothing to put him on inquiry about the manner of its execution, and that he had been induced upon the faith of such bond to act to his own prejudice."

But when a bond is delivered to the obligee, showing on its face that it is incomplete, as that one of the persons named as sureties in the body of the bond has not signed, such fact is sufficient to place the obligee upon inquiry, and the obligee then becomes subject to such a defense as the surety asserts in this case. (*Ney* v. *Orr*, *supra; Thomas* v. *Bleakie*, 136 Mass. 568; *Dair* v. *United States*, 16 Wall. 1, 21 L. Ed. 491; *State* v. *Wallis*, 57 Ark. 64, 20 S. W. 811; *Cutler* v. *Roberts*, 7 Neb. 4, 29 Am. Rep. 371; *Fletcher* v. *Austin*, 11 Vt. 449.)

It was the duty of the city officers to have inquired concerning the completeness of the bond, and, if the city must now lose, it is of its own fault. We therefore conclude that the court's ruling as to the defendant Bray was correct.

It follows that the order as to the defendant Cook should be reversed and the cause remanded for a new trial, while as to the defendant Bray the order should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the order as to the defendant Cook is reversed, and the

cáuse is remanded for a new trial; as to the defendant Bray, the order is affirmed.

