No. 10,980.

## WHITCOMB v. MILLER.

PROMISSORY NOTE.—*Principal and Surety.*—*Agreement.*—*Delivery.*—Where a promissory note, perfect on its face, containing no indications that it is delivered in violation of an agreement, is taken in good faith, and for a valuable consideration, the taker will not be affected by any agreement made between the principal and the surety of which he has no notice.

SAME.—*Pleading.*—*Answer.*—An answer by a surety on a promissory note, that the principal had delivered it in violation of an agreement, made between them, that the latter would procure an additional surety, but not alleging notice of such agreement by the payee, is insufficient on demurrer.

From the Shelby Circuit Court.

*T. B. Adams, L. T. Michener* and *G. M. Wright,* for appellant.
*E. P. Ferris, J. S. Ferris* and *W. W. Spencer,* for appellee.

ELLIOTT, J.—The first paragraph of appellant's answer alleges that the note sued on was executed by him as surety for Will C. Nichols, as the appellee knew; that prior to the time of the delivery of the note appellee had agreed with Nichols that he should execute his note with appellant and John Elliott as sureties; that pursuant to this agreement Nichols presented the note sued on to appellant and informed him of the agreement with the appellee; that relying upon the agreement between appellee and Nichols that Elliott should sign, the appellant signed it; that Nichols afterwards took

the note to the appellee, who, at first, objected, because it was not signed by Elliott, but finally agreed to and did receive it.

It is settled law that where a note is perfect on its face and contains no indications that it is delivered in violation of an agreement, and it is taken in good faith and for a valuable consideration, the taker will not be affected by any agreement made between the principal and the surety, of which he has no notice. *Deardorff* v. *Foresman*, 24 Ind. 481 ; *Bobbitt* v. *Shryer*, '70 Ind. 513 ; *Helms* v. *Wayne, etc., Co.*, 73 Ind. 325 (38 Am. R. 147). In this case the note was perfect in all respects, and there was nothing to indicate that the contract which the surety had placed in possession of the principal was not complete in every particular. It is contended that the averment that there was an agreement between the appellee and Nichols that Elliott and the appellant should both sign as sureties is sufficient to charge appellee with notice. We think otherwise. The essential thing in such a case as this is knowledge on the part of the taker of the note that the principal had delivered the note in violation of an agreement with the surety, and there is here no averment of knowledge or notice. In order to make a good answer, it is necessary to aver that the taker of the note had notice that the principal had made an agreement with the surety, and that he delivered the note in violation of it. This essential requisite should not be left to mere inference or conjecture, but should be positively and directly averred. It was immaterial what preliminary agreement had been made between Nichols and the appellee ; the material question is : Was there an agreement between Nichols and the appellee, was the note delivered in violation of this agreement, and did the appellee have notice of that fact? The fact that Elliott's signature was not on the note does not prove that the appellee knew of the agreement between Nichols and his surety. The absence of Elliott's name could not, of itself, have justified the inference of an agreement between principal and surety and its violation, even if

the question arose on the evidence, where much latitude of inference is allowable; much less so, then, where the question arises on the pleading, where the rule is that facts, and not evidence, must be pleaded, and pleaded by direct and positive averment.

We think that there is no material difference between the first and third paragraphs of the answer, and in ruling upon the former we have disposed of the latter.

Pleadings are to be construed according to their general tenor and scope. Mere isolated expressions or general conclusions can not have a controlling effect. The conclusion following the allegations of the third paragraph, that the note is not the defendant's act and deed, can not control the specific statements of fact.

Judgment affirmed.