## THE WILD CAT BRANCH *v.* BALL ET AL.

BOND.—*Bond of Treasurer of Ditching Corporation.— Official Bond.*—A bond executed by the treasurer of a ditching corporation in accordance with sec. 5, p. 223, 3 Ind. Stat., is not an official bond within the act touching official bonds, 1 G. & H. 163.

SAME.—*How Executed.*—It is necessary to the valid execution of a bond that it should be subscribed and delivered.

SAME.—To subscribe is to write the name under, to write the name at the bottom or end of a writing.

SAME.—Where the name of a party appears in the body of a bond, but is not subscribed to it, there is not as to such party a valid execution of the bond, and he cannot be held liable thereon on the supposition that he adopted the name in the body of the bond as a signing of it, even if the name was written there by himself.

SAME.—*Obligee Chargeable with Notice.*—If an instrument, in the body thereof, purports to be signed by a principal and his sureties, but when delivered is not signed by the principal, the obligee is chargeable with notice that it is imperfect; and the sureties may show that they did not assent to its delivery before being signed by the principal.

SAME.—*Sureties.—Assent to Delivery of Bond not Signed by Principal.*—Sureties may agree to become liable, and assent to the delivery of a bond to the obligee, without the name of the principal being signed thereto.

From the Madison Common Pleas.

*W. R. Pierse* and *H. D. Thompson,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

DOWNEY, C. J.—This was an action by the Wild Cat Branch, alleged to be a corporation duly formed to construct a ditch in Madison county, against Amos W. Ball, administrator of the estate of George S. Ball, deceased, and Charlton Reed and William Rybolt. The complaint alleges that said George S. Ball was elected treasurer of said company, and executed his bond as such, with the other defendants as his sureties, for the faithful discharge of his duties as such treasurer. It is alleged, as a breach of the condition of the bond, that a large amount of money, to wit, fifteen hundred dollars, came to the hands of the treasurer, while he was acting as such, from assessments collected, and the further sum of two hundred and thirty-five dollars accrued from

the sale of certain real estate on a judgment for assessment, which amounts he failed and refused to pay, before his death, and the said administrator has since failed and refused to pay; but, on the contrary, the said deceased, in his lifetime, converted the same to his own use. The bond, a copy of which is filed with the complaint, is as follows:

" Know all men by these presents, that we, George S. Ball and ———— ———— are held and firmly bound to the Wild Cat Branch in the penal sum of one thousand dollars, jointly and severally. Witness our hands and seals this 6th day of June, 1870.

" Now the condition of the above obligation is such that whereas the said George S. Ball has this day been appointed treasurer of the Wild Cat Branch, a corporation formed pursuant to law; now, if the said George S. Ball shall faithfully perform his duties as such treasurer, and safely keep and promptly pay out according to the order of the board of directors of said company all moneys that may come into his hands as such treasurer, then the above obligation to be null and void, else in force.

" CHARLTON REED,<br>" WM. RYBOLT."

It will be observed that the bond is not subscribed by George S. Ball, although his name appears in the body of the bond, and also that the names of the sureties do not appear in the body of the bond, although they do appear as signers of it.

The bond was executed in accordance with sec. 5, p. 223, 3 Ind. Stat. It cannot be regarded as an official bond within the act touching official bonds, 1 G. & H. 163; for it is not payable to the State, as required by that act, but is payable to the company, as required by the said fifth section of the act under which the company was organized.

The defendant Ball, the administrator, demurred separately to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action against him as such administrator. Reed and Rybolt joined in a demurrer to

the complaint, on the ground that it did not state facts suffi-cient to constitute a cause of action against them. The court sustained both demurrers to the complaint, to which the plaintiff excepted. There was final judgment for the defendants. The error assigned is the sustaining of the demur-rers to the complaint.

The complaint alleges the making of the bond in these words: "That on the 6th day of June, 1870, George S. Ball, Charlton Reed, and William Rybolt, by their writing, a copy of which is filed herewith, which they each and all then and there executed, acknowledged themselves indebted to the plaintiff in the sum of," etc. As the statute under which the instrument was executed requires a bond to be given, it would formerly have been understood that the instrument should be under seal, as the term bond *ex vi ter-mini* signifies an instrument under seal. Bouv. Law Dict. and Burrill Law Dict., tit. Bond; *Deming* v. *Bullitt*, 1 Blackf. 241. If this is yet the law in this State, the instrument in question is no bond, for it has no seals to it. By the act of December 23d, 1858, it was declared that thereafter the affixing of a private seal or ink scroll should not be necessary to give validity to any conveyance of lands or any interest therein executed by any natural person, etc.; and another section of the same act made valid any conveyances theretofore executed with-out a seal. 1 G. & H. 263, and Acts 1858, p. 39; and see *Culbertson* v. *Parker*, 15 Ind. 234.

It is enacted in the code of civil practice that there shall be no difference in evidence between sealed and unsealed writings; and every writing not sealed shall have the same force and effect that it would have if sealed; that a writing under 'seal, except conveyances of real estate or any interest therein may therefore be changed or altogether discharged by a writing not sealed; and that an agreement in writing, without a seal, for the compromise or settlement of a debt, is as obligatory as if a seal were affixed. 2 G. & H. 180, sec. 273. By the succeeding section, it is provided that the execution of an instrument is the subscribing and delivering

it with or without the affixing a seal. Construing these sec-
tions in connection with the section of the act under which
the instrument in question was executed, we think we should
hold that a seal to the instrument was not necessary to its
execution or validity.

What then was necessary to the valid execution of the
instrument ? The last section of the statute which we have
quoted answers the question. It is "the subscribing and
delivering it." This statute which we construe as dispens-
ing with a seal substitutes a new mode of execution, so far
as sealed instruments are concerned. Formerly signing and
sealing, or sealing alone, and delivery, constituted the execu-
tion. Now the sealing is dispensed with, and subscribing
and delivery are the essential acts.

Burrill, in his Dictionary, says, to subscribe is to write
under; to write at the bottom or end of a writing or instru-
ment; to write the name under. Title Subscriber. See, also,
Bouv. Law Dict. title Subscription.

If this is the proper construction of the statute in ques-
tion, and we think it is, it becomes at once apparent that as
to George S. Ball, the deceased, there was no valid execu-
tion of the bond. The position of counsel for the appellant,
that his name appearing at the commencement of the bond
should be regarded as an execution of it by him, cannot be
maintained. He did not subscribe the instrument, and con-
sequently, according to the statute which we have cited,
whatever may have been the rule previously, he is not bound
by the bond. The doctrine contended for has been applied
more frequently to wills than to any other instruments. But
it was not confined to wills. *Knight* v. *Crockford*, 1 Esp.
190. It may be the correct rule of construction of the wills
act of this State, which only requires that the will shall be
signed by the testator, and not that it shall be subscribed by
him. 2 G. & H. 555, sec. 18.

It follows, also, we think, that the principal in the bond
cannot be held liable upon any supposition that he adopted
the name at the beginning of the bond as a signing of it.

The Wild Cat Branch *v.* Ball *et al.*

This, if written by the deceased himself, in that place, could not be regarded as a subscribing so as to make the bond obligatory on him. The case as to the sureties to the bond, Reed and Rybolt, stands on different grounds. They subscribed the bond. Counsel for appellees contend that these defendants were not bound, because the bond was not subscribed by the principal. They say that the sureties cannot be bound because the principal is not liable. The bond is evidently incomplete, and this fact must have been known to the obligee. Whatever consequences flow from that fact must be legitimate.

In *Deardorff* v. *Foresman*, 24 Ind. 481, the action was on a promissory note against three defendants. Two of them pleaded that the other applied to them to sign the note as his sureties; that he fraudulently represented to them that if they would sign the note, he could procure as co-sureties with them eleven other responsible men, who were named, and that he would not deliver the note to the plaintiff until such signatures were procured; that he failed to procure the names that he had promised, but delivered the note to the plaintiff without them. It was held that the note being perfect on its face, and the payee having no notice of the condition, the delivery was binding upon the sureties.

In *The State* v. *Pepper*, 31 Ind. 76, the same doctrine was laid down and applied to a case where the action was on a county treasurer's bond, and where certain of the sureties disputed their liability, on the ground that the principal had promised to obtain other names to it, but had not done so. The same doctrine was held and applied in the following other cases: *Blackwell* v. *The State*, 26 Ind. 204; *Webb* v. *Baird*, 27 Ind. 368; *The State* v. *Garton*, 32 Ind. 1. In *Spitler* v. *James*, 32 Ind. 202, the learned judge who wrote the opinions in *Deardorff* v. *Foresman* and *The State* v. *Pepper*, says: "We have held, that where the obligee accepts an instrument perfect in form and execution, which comes to him from the person who should have possession of the instrument for the purpose of such delivery, the obligee may

accept it without further inquiry. The entire transaction, so far as the obligee is involved, is according to the ordinary and natural course. The surety, however, while he executes the instrument and places it in the usual channel for delivery, departs from the ordinary course of procedure by circumscribing the general authority by a condition unknown to the obligee. The condition is disregarded, a fraud is accomplished, and he who has not scrupled to trust his principal with the semblance of a general authority to make the delivery, must stand the hazard he has incurred." According to these cases, the instrument when delivered must be perfect on its face, or otherwise the obligee or payee is chargeable with notice of the facts, and cannot claim the benefit of the rule. Applying the rule as thus stated to the case under consideration, the bond here being incomplete at its delivery, the sureties would be at liberty to show the true state of the facts with reference to it.

It was held in *The State* v. *Pepper, supra,* that the fact that there were blanks for the names of the sureties does not render the bond invalid as to them, but that such blanks may be filled up. This precise point was ruled in the same way in *Smith* v. *Crooker,* 5 Mass. 538.

The sureties might have agreed to become liable, and assented to the delivery of the bond without the name of the principal being signed thereto, and for this reason, and as it is alleged in the complaint that they did execute the bond, which includes its delivery, we hold that the complaint as to them is sufficient. If the circumstance were such as that they are not liable on the bond, we think they must disclose their defence by way of answer.

We conclude that the judgment of the court, so far as the demurrer of the administrator of the principal is concerned, was correct, and it is affirmed, with costs ; but the judgment sustaining the demurrer of Reed and Rybolt to the complaint is reversed, with costs, and the cause is remanded, with instructions to overrule their demurrer to the complaint.