## COVERT ET AL. *v.* SHIRK ET AL.

APPEAL BOND.—*Execution of by Part of Appellants.*—*Pleading.*—*Justice of Peace.*—The fact, that, in taking an appeal to the circuit court, from a joint judgment rendered against several defendants by a justice of the peace, part only of the judgment defendants execute the appeal bond, does not invalidate it, and is not ground of demurrer to the complaint in an action thereon.

SAME.—*Defence.*—*Revocation.*—*Notice of, by Surety to Principal.*—An answer in such action, by the surety on such bond, that, after he had signed such bond, but before its delivery to and approval by the justice, he had notified the principal therein, that he revoked the same, is insufficient on demurrer.

SAME.—*Notice of, to Justice.*—An answer in such action, by the surety on such bond, that, prior to its delivery to and approval by the justice, though after he had signed the same, he had notified the justice not to receive such bond, as he had revoked his signature, is sufficient on demurrer.

From the Decatur Circuit Court.

*J. D. Miller, M. D. Tackett, J. S. Scobey* and *O. B. Scobey*, for appellants.

*C. Ewing* and *J. K. Ewing*, for appellees.

NIBLACK, J.—This is an action on an appeal bond, by Isaac N. Shirk and John Emmert, against Nicholas Howard, John S. Howard, John A. Maddux, Cornelius A. Covert and Alexander Hindman.

The complaint alleges, that the said Shirk and Emmert recovered a judgment against the said Nicholas and John S. Howard, before a justice of the peace; that the Howards appealed to the court below, and, together with the said John A. Maddux, Cornelius

A. Covert and Alexander Hindman, as their sureties, executed an appeal bond, with the approval of said justice, conditioned in the usual form for the prosecution of their appeal and for the payment of any judgment that might be rendered against them, a copy of which said bond was filed with the complaint; that, on the trial in the court below, the said Shirk and Emmert again recovered a judgment against the said Howards, which judgment had not been paid, and which could not be collected on execution.

John S. Howard was not served with process, and it appearing by the copy filed that he, the said John S. Howard, had not signed the appeal bond, the other defendants, on that account, demurred to the complaint for want of sufficient facts to sustain the action. The demurrer was overruled, and we think correctly. *Bennett* v. *Preston*, 17 Ind. 291; *Berkshire* v. *Shultz*, 25 Ind. 523; *Hill* v. *Marsh*, 46 Ind. 218; *Betson* v. *The State, ex rel.*, etc., 47 Ind. 54.

The defendant Covert answered in three paragraphs:

1. That he signed said bond at the request of his co-defendant Nicholas Howard; that, after signing said bond and before the same had been delivered to the proper justice, he, the said Covert, went to said justice and told him, said justice, not to receive said bond, thereby revoking the execution of the same; that afterward, without the knowledge or consent of him, said Covert, said justice did receive and file the same.

2. The second paragraph repeats, in substance, the allegations of the first paragraph, and then adds, that afterward Nicholas Howard did present said bond to the justice, with the names of the said Nicholas Howard, John A. Maddux and the said Covert signed to the same, and the said justice refused to receive said bond; that thereupon said Howard took said bond, and without the presence of the said Covert, and without his knowledge or consent, procured the signature of one Alexander

Hindman to said bond, and presented said bond to said justice for his approval, with the name of him, said Covert, still on the same; that thereupon said justice, without the knowledge or consent of him, said Covert, did take and approve said bond.

3. The third paragraph also admits the signing of the bond, but said that he, said Covert, signed the same at the instance and request of his co-defendant Nicholas Howard; that, after the signing of said bond, and before the same had been delivered to said justice, he, said Covert, went to said justice, and told him not to receive said bond with his name thereon, thereby revoking and cancelling the signature of the same; that he, said Covert, also went to the said Nicholas Howard before he, said Howard, had filed said bond with said justice, and ordered said Howard to erase his, said Covert's, name from said bond, thereby still further revoking and cancelling his, said Covert's, signature to said bond; that afterward said Howard presented said bond to said justice, who, without the knowledge or consent of him, said Covert, received and approved the same, with his, said Covert's, name still on the same. Wherefore the said Covert said he did not execute said bond. This answer was verified by the oath of said Covert.

The plaintiffs demurred to each paragraph of this answer, and the demurrer was sustained to all of them, to which Covert excepted.

Maddux and Hindman also filed separate answers, to which demurrers were also sustained, and, all the defendants failing and refusing to answer further, the cause was submitted to the court, without a jury, for the assessment of the damages, and there was a finding and judgment for the plaintiffs.

Following what we regard as the fair inference from cases already decided by this court, we are led to the conclusion that the notice given by Covert to Nicholas Howard, to erase his name from the bond, was not sufficient

to discharge Covert from his liability upon the bond, unless knowledge of this notice was in some manner conveyed to the obligees, or to some one representing them or acting in their behalf. *Deardorff* v. *Foresman*, 24 Ind. 481; *The State, ex rel., etc.,* v. *Pepper*, 31 Ind. 76; *State* v. *Peck*, 53 Maine, 284.

But it is averred by Covert, in his answer, that he also notified the justice, before it was presented to him, not to accept and approve the bond. We must therefore consider what was the legal effect, if any, of this notice to the justice.

The statute regulating appeals from justices of the peace provides, that " The appellant shall, except in cases where the same is dispensed with by law, file with the justice a bond with security, to be approved by the justice, payable to the appellee, in a sum sufficient to secure the claim of the appellee, and interest and costs, conditioned that he will prosecute his appeal to effect, and pay the judgment that may be rendered against him in the * * * circuit court." 2 R. S. 1876, p. 622, sec. 65.

From this it will be seen, that no duty is devolved on the appellee, in regard to the taking or approving an appeal bond in a justice's court. It is a matter about which he need not be consulted, and about which he can not intermeddle, except with the consent of the justice. The duty, as well as the responsibility, of taking and approving such a bond belongs to the justice alone. In the performance of that duty, we think he stands in the place of the appellee, and is responsible to him, on his official bond, for its faithful performance.

It seems to us, therefore, that notice to the justice, of any matter affecting the validity of an appeal bond which he is called upon to approve, is as effectual as if given to the obligee in a case where it devolves upon him to accept or approve the bond.

The execution of the bond in suit was not complete until it was delivered to the justice. The answer shows,

that before it came into the hands of, or had been filed with, the justice, he had received a notice from Covert, amounting, as we construe it, to a revocation of the authority for its delivery. Under these circumstances, we feel constrained to hold, that the subsequent acceptance and approval of the bond by the justice were unauthorized and wrongful, and not binding on Covert, and, as a consequence, that the bond, as to Covert, was not properly delivered to the justice. *Oneale* v. *Long*, 4 Cranch, 60.

Errors are also assigned on the rulings of the court below, in sustaining demurrers to the separate answers of Maddux and Hindman, but as their defences were somewhat subordinate and incidental to the defence urged by Covert, we will not consider the sufficiency of those answers at the present hearing.

It is sufficient for us now to say, that we think the court erred in sustaining the demurrer to the answer of Covert, and for that error the judgment will have to be reversed.

The judgment is reversed, at the costs of the appellees, and the cause remanded for further proceedings.