ALLEN ET AL. *v.* MARNEY.

PRINCIPAL AND SURETY.—*Appeal Bond.*—*Principal and Agent.*—*Notice.*— Where, to procure an appeal from a judgment rendered by the mayor of a

city, the surety on the appeal bond entrusts the bond to the principal, the party appealing, for delivery, the principal becomes the agent of the surety ; and the mayor, in accepting and approving the bond, becomes the agent of the opposite party to the judgment ; and notice to the mayor is notice to such party of any defect or illegality in the delivery of the bond.

SAME.—*Bond Signed by Part only of Several Apparent Sureties.—Erasure.—* Where, in such case, a surety signs the bond, and entrusts it to the principal for delivery to the mayor only upon its being also signed by another whose name appears in the body of the bond as a co-surety, its delivery by the principal, without the knowledge or consent of the surety and without the signature of such co-surety, and its acceptance and approval by the mayor, do not render the surety liable. And the fact that the principal had erased the name of such surety before delivering the bond to the mayor does not alter this rule.

From the Knox Circuit Court.

*J. M. Boyle, C. M. Allen* and *H. S. Cauthorn,* for appellants.

*W. H. De Wolf* and *S. N. Chambers,* for appellee.

WORDEN, C. J.—The appellee, Jane E. Marney, recovered a judgment before W. H. Beeson, Mayor of the City of Vincennes, against James S. Pritchett, for the recovery of certain real estate held over by Pritchett as tenant to Marney. Pritchett appealed to the circuit court, where Marney again recovered against him.

This action was brought by Marney, against Pritchett, Allen and Cauthorn, upon the supposed appeal bond given upon the above mentioned appeal.

Allen and Cauthorn put in issue the execution of the bond by them respectively, by pleading duly verified. The cause was tried by the court, resulting in a finding and judgment for the plaintiff, a new trial applied for by Allen and Cauthorn having been denied.

Allen and Cauthorn alone appeal, Pritchett having declined to join therein.

The facts in relation to the execution of the bond by the appellants appear to have been as follows :

At the time the bond was signed by Allen, the name of Thomas R. Cobb was written in the body thereof as a co-

obligor, and Allen signed it and left it with Pritchett, with the agreement and understanding that it was not to be delivered to the mayor, or used, until it should be signed by Cauthorn and Cobb.

So, when Cauthorn signed the bond, the name of Cobb was written therein as a co-obligor, as above stated; and Cauthorn signed it and left it with Pritchett with the like agreement and understanding that it was not to be delivered until it should be signed by Cobb.

The bond, signed only by Allen and Cauthorn as sureties, was afterward, without their knowledge or consent, delivered by Pritchett to the mayor, with Cobb's name erased, and was approved by him. The mayor had no notice of the condition upon which the appellants had signed the bond, other than the fact that Cobb's name had been written in the body thereof as a co-obligor, and had been erased.

We are of opinion, that, upon these facts, the action can not be maintained, that there has been no valid delivery of the bond, so far as the appellants are concerned, and therefore that it is not their deed.

In the discharge of the duty of approving and accepting the bond, the mayor acted for, and stood in the place of, the obligee; and notice to the mayor of any matter affecting the validity of the bond was as effectual as notice to an obligee when receiving and accepting an instrument on his own behalf. *Covert* v. *Shirk*, 58 Ind. 264.

If the name of Cobb had not been in the bond as a co-obligor, the facts being otherwise as above stated, the appellants would have been bound by the delivery thus made by Pritchett to the mayor.

Pritchett must be regarded as having been the agent of the appellants for the delivery of the bond, and his delivery would be good, though made contrary to the agreement between him and the appellants, and though he transcended his authority in thus making the delivery,

if there was nothing on the face of the bond, or otherwise, to indicate that others were to sign it. In such case, the mayor having accepted the bond on the faith of appearances, and without any notice that Pritchett was not authorized to deliver it in its present shape, the appellants would be estopped to question the validity of the delivery thus made. The case of *Dearsdorff* v. *Foresman*, 24 Ind. 481, may be regarded as a leading case upon this subject, where the authorities are extensively considered. Many cases have followed that above cited, among which may be mentioned *Webb* v. *Baird*, 27 Ind. 368 ; *The State, ex rel.,* v. *Pepper*, 31 Ind. 76 ; *Spiller* v. *James*, 32 Ind. 202 ; *The Wild Cat Branch* v. *Ball*, 45 Ind. 213 ; *Hunt* v. *The State, ex rel.;* 53 Ind. 321.

But the law is entirely different, where, as in the cause under consideration, a surety signs the bond, which is to be delivered only upon being signed by another whose name appears in the bond as a co-obligor.

If delivered without being signed by the other whose name thus appears, without the consent of the one who has signed, the delivery is a nullity, and the latter is not bound.

This doctrine is very clearly recognized in the case of *Dearsdorff* v. *Foresman, supra,* and in some of the cases that follow it. We are not aware that in any of them a contrary doctrine is found. In that case the court, in speaking of the case of *Pawling* v. *The United States,* 4 Cranch, 219, said :

" Here the representative of the government had notice, on the face of the instrument, that the same was not complete, not having been executed by all the parties whose names appeared upon its face as co-obligors. To have held this delivery of the instrument obligatory upon the parties, when the writing itself proved the execution

to be incomplete, would have been in contradiction of its express terms." •

So, also, in speaking of the case of *Fletcher* v. *Austin*, 11 Vermont, 447, the court said :

" The case cited from 11 Verm. was where the names of seven sureties appeared upon the face of the bond, and only two of the sureties ever executed the same. The instrument was plainly incomplete until executed by all those whose names appeared as parties."

In that case the court also quoted, with approbation, a note by Judge REDFIELD, which we reproduce, somewhat extended, from 3 Am. Law Reg., N. S. 402, as expressive of our views of the law applicable to the case before us :

" That one who signs a bond, as surety, upon the assurance of his principal that he shall also have other responsible co-sureties which are never procured, and the bond nevertheless delivered, is deceived and defrauded, of his indemnity, no one can question. But whether he shall himself bear the loss, or visit it upon the obligee, is quite a different question. And it seems to us, upon principle, that where there is nothing upon the face of the paper, indicating that other co-sureties were expected to become parties to the instrument, and no fact brought to the knowledge of the obligee before he accepts the instrument calculated to put him on his guard in regard to that point, and which would naturally have led a prudent man, interested in the opposite direction, to have made inquiry before accepting the security, the fault can not be said to rest, to any extent, upon the obligee.

" And, on the other hand, where the surety intrusts the bond to the principal obligor in perfect form, with his own name attached as surety, and nothing upon the paper to indicate that any others are expected to sign the instrument, in order to give it full validity against all the parties, he makes such principal his agent, to deliver the same to the

obligee, because such is the natural and ordinary course of conducting such transactions. And if the principal, under such circumstances, gives any assurance to the surety, in regard to procuring other co-sureties, or performing any other condition before he delivers the bond, and which he fails to perform, the surety giving confidence to such assurances must stand the hazard of their performance, and can not implicate the obligee in any responsibility in the matter, unless he is guilty of fraud or rashness in accepting the security.

"It seems to have been held in a majority of the American cases, that, in order to put the obligee upon inquiry even, some indication upon the face of the paper, such as the insertion of other names in the body of the bond, or some memorandum attached to the signature of the surety, indicating the condition upon which he signed, should exist, or else some notice *in pais* to the obligee, which might fairly be regarded as equivalent. And that without this the obligee is not chargeable with any positive default; and if there has been default on the part of the obligor, the bond may be enforced."

In the case of *Sharp* v. *The United States*, 4 Watts, 21, the names of William Laughlin and Alexander Sharp appeared upon the face of the bond as sureties and co-obligors. Sharp had signed the bond, and it had been delivered without the signature of William Laughlin. The court held the bond void as to Sharp, though there was no express understanding, that it was not to be delivered without the signature of William Laughlin. The court said, among other things :

" His " (Sharp's) " signature is conditional, and unless it be shown that the condition, viz , the execution of the bond by William Laughlin, whose name was in the body of it, has been dispensed with by him, he has a good defence to the suit. A man may be willing to bind himself jointly

with another, and still unwilling to make himself alone responsible. We can not agree with the court of common pleas that there is nothing justifying the construction from the face of the bond, in the absence of any other proof, that it is void as to the present defendant."

The above case, from Watts, goes further than we need to in the case before us, for here it was shown that it was expressly understood, in respect to both the appellants, that the bond was not to be delivered until signed by Cobb. See, also, the case of *The Wild Cat Branch* v. *Ball, supra,* as bearing upon this point.

We regard as of no particular importance the fact that the name of Cobb had been erased from the bond at the time it was presented to the mayor for his acceptance. For the purposes of the question involved, the case stands in substantially the same condition as if the name had not been erased. The fact that the name had been placed in the bond was sufficient to indicate to the mayor that it was expected at the time it was placed there, that Cobb would sign the bond. The name having been placed there, and being erased, was quite enough to put a prudent man upon his guard and induce enquiry as to the circumstances of the erasure, and whether the appellants had not signed the bond with the expectation and understanding that it was to be signed by Cobb also before delivery.

The judgment below, as to the appellants, is reversed, with costs, and the cause remanded for a new trial