Filed June 25, 1889.

———————◆———————

119 503
132 388

No. 12,707.

THE STATE, EX REL. McCLAMROCK ET AL., *v.* GREG-
ORY ET AL.

ADMINISTRATOR'S BOND.—*Execution of.—Signing in Expectation that Others will Sign.*—Where persons, upon being requested by the principal obligor to become co-sureties with other named persons in an administrator's bond, go to the clerk's office and find the bond in the custody of the clerk, already filled out, with the names of the other proposed sureties written in the body thereof, whereupon, without making inquiry or explanation, but expecting the bond to be signed by the other persons, they sign it and leave it with the clerk, who approves it on the same day, without further signatures, the bond is a valid and binding obligation upon the persons who so sign it.

---

The State, ex rel. McClamrock et al., v. Gregory et al.

SAME.—*Debt Due Estate from Administrator.*—*Failure to Account for.*—*Insolvency as Defence to Action on Bond.*—Where a person at the time of his appointment as administrator is indebted to the estate, he should inventory and charge himself with the debt; but if he fails to account for the same, his sureties are not liable, if they show that he was insolvent, beyond the amount that could have been saved to the estate by the exercise of diligence.

SAME.—*Failure of Administrator to Make Inventory.*—The failure of an administrator to make an inventory of a claim due from him to the estate is not material to the liability of his sureties, unless actual damage resulted therefrom.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellants.

*L. Nebeker*, *H. H. Dochterman* and *C. V. McAdams*, for appellees.

BERKSHIRE, J.—This case has been in this court once before, but the opinion throws no light upon the questions now involved. *State, ex rel.*, v. *Gregory*, 88 Ind. 110.

The action is brought upon an administrator's bond, and the complaint is made up of two paragraphs. The first paragraph alleges that one Levin T. Miller was appointed administrator of the estate of Isaac Croy, by the Warren Circuit Court, and that the appellees were the sureties on his bond; that as such administrator the said Miller collected large sums of money belonging to his trust for which he failed to account, but converted the same to his own use.

The second paragraph alleges that before the appointment of the said Miller as administrator he collected a large sum of money as the agent of one Alexander Croy, who had been appointed administrator of the estate left by the decedent in Davis county, Missouri, by the probate court of that county, for which he failed to account, but converted the same to his own use, never having inventoried or charged himself with the same. It is further alleged that there was other indebtedness in the county of Warren, amounting to one thousand dollars, which, as such administrator, the said Miller failed to collect, whereby the estate was dam-

aged in the sum of one thousand dollars. Whether the conversion took place before or after Miller became administrator does not appear.

The case was put at issue and tried by the court, without the intervention of a jury, and at the request of the parties a special finding was made, and judgment given for the appellees.

The appellees insist that the judgment shall be affirmed; therefore we are not called upon to decide any questions presented by the cross-errors assigned, except so far as they may be involved in a consideration of the errors assigned by the appellant. *Thomas* v. *Simmons*, 103 Ind. 538.

The substantial facts stated in the special finding are as follows: Isaac Croy, who in his lifetime was somewhat of a cosmopolite, died in the State of Iowa, intestate, July 26th, 1876. At the time of his death he had property in Missouri, in Iowa, and in Montgomery and Warren counties, Indiana; on the 8th day of September, 1876, Alexander Croy was, by the probate court of Davis county, Missouri, appointed administrator of the decedent's estate, and after his appointment he made Levin T. Miller, of Warren county, Indiana, his attorney in fact, to collect certain moneys due the decedent from persons living in the said county of Warren, and by virtue of said authority the said Miller collected the sum of fifteen hundred dollars, for which he never accounted to the said administrator, nor to any one else; that on the 4th day of February, 1878, the said Levin T. Miller was, by the clerk of the said Warren Circuit Court, appointed administrator of the estate of the said decedent, Isaac Croy, and on the 4th day of April, 1878, the Warren Circuit Court confirmed the said appointment; that on the 1st day of July, 1880, the court removed Miller from his said trust, and the relator became administrator *de bonis non* of the estate; that during the time Miller was acting in his fiduciary capacity he received, of the assets of said estate, the sum of $577.70, and paid out the sum of $588.10; that after the

said Miller became administrator he failed to inventory the said fifteen hundred dollars, or any part of it, which he had collected as the agent of the Missouri administrator, and failed to charge himself therewith in any way, notwithstanding he had the same under his control.

At the time of Miller's appointment as administrator he gave the bond in suit, which we will set out: "Know all men, that we, Levin T. Miller, Walter B. Miller, James C. Miller, John Gregory, and Benjamin R. Gregory, are bound unto the State of Indiana in the penal sum of four thousand dollars, for the payment of which we jointly and severally bind ourselves, our heirs, executors and administrators; sealed and dated this 4th day of February, 1888. The condition of the above obligation is, that the said Levin T. Miller shall faithfully discharge the duties of his trust as administrator of the estate of Isaac Croy, deceased, according to law, then the above obligation to be void, else to remain in full force.          Levin T. Miller.
                                    " J. Gregory.
                                    " B. R. Gregory."

After the signatures is the following endorsement on the bond: "Approved by me this 4th day of February, 1878." That before the appellees signed the bond the said Levin T. Miller had requested them to do so, with his two brothers, whose names appear in the body thereof, as his sureties, and they consented so to do, after which, at the instance of the said Levin T. Miller, the clerk of the Warren Circuit Court drew the bond as given above, and afterwards, and on the same day, the appellees went to the clerk's office, examined the bond, and finding the five names in the body thereof, signed it, with the expectation and understanding that it would be signed by the other parties. After the appellees signed the bond they left it on the table in the clerk's office and under the control of the clerk. Walter B. Miller and James C. Miller were financially responsible, but they at no time signed the bond.

The court states as conclusions of law four propositions, but as the third one is wholly immaterial to the questions before us for consideration, we will only refer to the other three of them. These are: 1. That it was the duty of Miller to have inventoried and charged to himself as administrator the amount due from him individually on account of collections as the agent of the administrator in Missouri. 2. That he fully paid over and accounted for all assets that came into his hands after his appointment as administrator. 4. That the appellees did not execute the bond, and the appellant had no right of action thereon as against them.

There are several errors assigned, but it is not necessary that we notice them in detail. In our opinion the court erred in its conclusion that the appellees did not execute the bond.

The facts, briefly stated, are, as we have seen, that the appellees were requested by Levin T. Miller to execute a bond as his sureties jointly with Walter B. and James C. Miller, and consented so to do, and afterwards went to the clerk's office of the Warren Circuit Court, and there found the proposed bond in the custody of the clerk (whose official duty it was to accept and approve the bond) filled out and containing the names of the principal, Levin T. Miller, Walter B. and James C. Miller, together with the names of the appellees, written in the body thereof as obligors, and without any inquiries of the clerk, and making no explanation to him, they executed the bond with the expectation that the Millers would also execute it, and left it with the clerk.

The arrangement as made when the appellees consented to execute the bond was coupled with no condition that their liability thereon was to depend upon the execution of the bond by Walter B. and James C. Miller. The most that can be said as to the arrangement is, that Levin T. Miller requested the appellees to join his brothers in the bond as his sureties, and they consented so to do. From all that appears when the appellees signed the bond and left it with its

proper custodian, they believed and anticipated that Walter B. and James C. Miller would also execute it, but attached no importance thereto as a condition to their liability thereon. This position is supported by the further fact that they learned the next day that the Millers had not signed the bond, and took no steps to have them sign it, or to be released therefrom. But if there had been a full and fair understanding with Levin T. Miller that the appellees were only to become liable in the event that Walter B. and James C. Miller executed the bond, the understanding would have been ineffectual unless made known to the clerk before he approved the bond and issued the letters.

Their only relief after that was to apply to the court to be released from the bond, which they could have done at any time. The case of *Allen* v. *Marney*, 65 Ind. 398, is a very different case in its facts. There the bond was placed in the hands of the principal obligor and taken to the justice of the peace after two of the sureties named in the body of the bond had signed it, the third person named therein not having signed it. The court in that case holds that the principal, under the circumstances, was the agent of the sureties, and the justice of the obligee in the bond, and that the justice had sufficient notice to put him on inquiry as to whether the principal obligor in the bond was authorized to deliver it; but had the sureties who signed the bond gone before the justice and signed and delivered it to him, not making known that the third person named as surety was to sign it, before its approval by the justice, the court would have had a different case before it.

We are not called upon to decide whether the appellees would be liable or not, if it had been understood that the clerk was not to approve the bond until signed by Walter B. and James C. Miller, and that arrangement made known to him before he acted upon it.

One question which seems to have been overlooked on the trial of the cause was the financial condition of Levin T.

Miller, the admininistrator, during the period of his administration. The money collected by him while professing to act as the agent of the administrator in Missouri, and for which he had not accounted when he became administrator, was a claim in favor of his trust which he should have inventoried and charged himself with ; and if, by the use of due diligence, all or any part of the claim could have been saved to the estate, his sureties are therewith chargeable, but if he was hopelessly insolvent they do not become liable therefor, the burden as to the question of insolvency being on the administrator and his sureties. The administrator's failure to make an inventory of the claim is not material as to the liability of his sureties, unless actual damage followed because of the failure.

The finding of the court states that Levin T. Miller, the administrator, had the money which he had collected as the agent of the Missouri administrator under his control when he took out letters of administration. If we are to understand that he had the particular money collected on deposit somewhere, and failed thereafter to account for it, then his sureties would be liable for this failure, but we hardly think the court intended to be thus understood. See 2 R. S. 1876, third clause of section 162, p. 551, which is the statute that was in force when the bond sued upon was executed,. and when the administrator was removed from his trust. See *Condit* v. *Winslow*, 106 Ind. 142 ; *Miller* v. *Steele*, 64 Ind. 79.

The debt of the administrator is to be accounted for as. other debts or assets, and he may show his insolvency during the period of administration in discharge of his official liability. 2 Woerner Law of Admin., section 311, p. 654; *Griffith* v. *Chew*, 8 Serg. & R. 17 ; *Eichelberger* v. *Morris*,. 6 Watts, 42 ; *Tarbell* v. *Jewett*, 129 Mass. 457 ; *McCarty* v. *Frazer*, 62 Mo. 263.

In some of the States there is a statutory provision making the administrator liable for the amount of his debt as for

so much cash in his hands, but we have no such provision. See 2 Woerner Law of Admin., section 512, p. 1139; *Baucus* v. *Barr*, 45 Hun, 582; affirmed, 107 N. Y. 624.

In view of the conclusion to which we have come, and as the judgment must be reversed, we feel that justice can be best subserved by granting a new trial.

The judgment is reversed, and the court below ordered to grant a new trial, and to proceed in accordance with this opinion.

Filed June 27, 1889.