SPENCER v. McLEAN ET AL.

[No. 2,430.   Filed May 25, 1898.   Rehearing denied Oct. 4, 1898.]

CONTRACTS.—*Consideration.*—A promise made to a person to induce him to perform an act which he is already legally bound to perform is without consideration, and is not binding on the promisor. *p. 628.*

BONDS.—*Several Liability.*—A bond executed by the stockholders of a corporation to secure the directors thereof as sureties of the corporation, conditioned that any liability incurred should be in the proportion that the amount of stock held by each obligor bears to the whole amount of stock in force, created a several, and not a joint liability. . *p. 628.*

PRACTICE. —*Harmless Error.*—*Examination of Witnesses.*—No reversible error is committed in sustaining an objection to a competent question, in the examination of a witness, where the witness afterwards answers substantially the same question. *p. 628.*

BONDS.—*Sureties.*—*Delivery.*— Where a surety signed a bond on condition that the bond was not to be delivered until the other persons named in the body thereof should sign it, a delivery of the bond without their signatures will release such surety from liability. *p. 629.*

PRACTICE.—*Contracts.*—*When Question for Jury.*—The question as to whether or not there was an agreement that a bond should not be delivered until signed by others was properly submitted to the jury, under proper instructions, where the evidence was conflicting. *p. 629.*

From the White Circuit Court.   *Affirmed.*

*A. M. Reynolds* and *A. K. Sills,* for appellant.

*Sellers & Uhl,* for appellees.

ROBINSON, J.—It appears that appellant owned five shares of $50 each of the capital stock of the Tippecanoe Canning Company, a corporation with $10,000 capital stock; that said capital stock was invested in real estate, a building and machinery; that in February, 1894, appellees were elected directors of said corporation, and entered upon the duties of their trust; that to carry on the business, it became necessary to borrow large sums of money; that on the 2nd day of

October, 1893, said corporation executed a note, with appellees as sureties to Alice Brearley, in the sum of $2,000, and on the 26th day of December, 1894, appellees became sureties on the corporation's note to Shirk & McLean in the sum of $15,000; that on March 4, 1896, after said notes became due, appellees paid $9,000 on the Shirk & McLean note and $1,000 on the Brearley note

On the 20th day of April, 1893, appellant, together with a large number of other persons, executed to appellees a bond conditioned that whereas the obligors were stockholders in said corporation, that in the management of the business for 1893 it would be necessary to borrow money from time to time; that appellees had agreed to become surety for such loans, and providing that if such loans should be paid at maturity, and appellees held harmless, the obligation was to be void, otherwise to remain in full force.  It was further provided that any liability incurred by reason of the bond should be in proportion to the amount of stock held by each of the obligors at the time of incurring such liability; that the liability should be several and not joint, and no recovery had against any obligor for a sum greater than his share thereof, in proportion as the amount of stock in said corporation held by him at the date of the incurring of such liability bears to the whole amount of stock then issued.   On April 2, 1894, a similar bond was executed for money borrowed for the business of 1894, and containing in addition to the conditions of the bond of April 20, 1893, the further provision that each of the obligors agreed to pay his said share with attorney's fees and without relief from valuation and appraisement laws.

Under the bonds, appellant would not be liable for any money paid by appellees by reason of their surety-

ship, on notes executed prior to the execution of either bond. It is well settled that a promise made to a person to induce him to perform an act which he is already bound in law to perform is without consideration, and is not binding on the promisor. *Smith* v. *Boruff*, 75 Ind. 412; *Fensler* v. *Prather*, 43 Ind. 119.

The bond of April 20, 1893, was executed prior to the execution of the Brearley note, and the complaint alleges that appellees became sureties for such loan in consideration of such bond, and on the faith and credit of appellant's promise therein contained. And the bond of April 2, 1894, was executed prior to the Shirk and McLean loan, and it is alleged that appellees become sureties for said loan on the faith and credit of said bond. It cannot be said that the complaint seeks to recover any money paid out as such sureties on loans made prior to the execution of the bonds. The bonds expressly provide that they are several obligations, and not joint. When appellant signed the bond, he incurred a liability in proportion to the amount paid by appellees as the stock then owned by him bore to the whole capital stock. Whether one or more other persons signed the bonds neither diminished nor increased appellant's liability. Appellant's contract was neither a contract of suretyship, nor one of guaranty, and the rule applicable is clearly distinguishable from that declared in *Markland Mining, etc., Co.* v. *Kimmel*, 87 Ind. 560. See *Deardorff* v. *Foresman*, 24 Ind. 481; *Madison, etc., Co.* v. *Stevens*, 10 Ind. 1; *Hunt* v. *State, ex rel.*, 53 Ind. 321; *Whitcomb* v. *Miller*, 90 Ind. 384.

No reversible error is committed in sustaining an objection to a competent question, if the same witness afterwards answers substantially the same question. *Norris* v. *Norris*, 3 Ind. App. 500; *Toledo, etc., R. R. Co.* v. *Milligan*, 2 Ind. App. 578.

Whether there was an agreement, when appellant signed the bond that it was not to be delivered until all the stockholders had signed it, was submitted to the jury under proper instructions. The evidence is conflicting as to whether there was such an agreement, and, under a proper instruction, the court left the question with the jury. It is not to be denied that if appellant signed the bond upon the agreement and condition that it was not to be delivered until the others named in the body of the bond had signed it, and it was in fact delivered without their signatures, appellant would not be liable. *Markland, etc., Co.* v. *Kimmel, supra.* But whether there was such an agreement was for the jury to say from all the evidence.

The obligors in the bonds in question did not guarantee the payment of the debts contracted by the appellees. Nor were they sureties for appellees. The undertaking is between appellant and appellees, to pay to appellees upon a fixed basis, a certain share of any indebtedness appellees might have to pay as sureties for the corporation. It was distinctly an original promise, and not a collateral undertaking of suretyship or guaranty. *Anderson* v. *Spence,* 72 Ind. 315, 37 Am. Rep. 162. See, also, *Frash* v. *Polk,* 67 Ind. 55; *Horn* v. *Bray,* 51 Ind. 555, 19 Am. Rep. 742; *Board, etc.,* v. *Cincinnati, etc., Co.,* 128 Ind. 240. Appellant's liability on the bond attached as soon as appellees paid the debts for which they were sureties. Appellant agreed to pay a certain amount, and also attorney's fees. The promise to pay attorney's fees is an unconditional promise, and is, in effect, not unlike the ordinary attorney fee clause in a promissory note.

In its fifth instruction, the court told the jury: "If you find from the evidence that when the defendant signed the instruments sued on, that it was the agree-

ment and intention that all the stockholders of said Tippecanoe Canning Company should sign them before they should be delivered, and that they were delivered, and taken possession of by plaintiffs, without the consent of defendant without all the stockholders of said company signing them, you should find for the defendant." This instruction fully covers the third instruction requested by appellant.

The eighteenth and nineteenth instructions requested by appellant, and refused, were to the effect that if, after the notes on which appellees were sureties became due, they had money in their hands of the company sufficient to pay said notes, it was their duty to apply such money on such debts, and if they did not, the finding should be for the defendant. This was fully stated in the eighteenth instruction given by the court.

We have carefully examined the instructions given by the court, and can but conclude that they fully cover all the instructions requested by appellant which were refused, and of which complaint is made by counsel. Judgment affirmed.