DAVIS ET AL. *v.* O'BRYANT ET AL.

[No. 2,928. Filed November 24, 1899.]

BONDS.—*Signature.—Not Signed by All the Parties Named in Body of Bond.—Demurrer.*—The fact that a part of the persons named in the body of a bond did not execute it is not ground for a demurrer in an action against those who did sign it, but must be pleaded as a defense. *p. 377.*

SAME.—*Signature.—Delivery.—Principal and Surety.*—Where a bond contains the names of other obligors, and is delivered without the signatures of all, the obligee must inquire whether those who have signed it consent to its delivery without the signatures of the others;

but if there is nothing on the face of the bond to indicate that others are to sign it, and the bond is accepted on the faith of appearances, without notice that it is not to be delivered in its then shape, the party signing cannot question the validity of the delivery. *pp. 377, 378.*

BONDS.—*Signature.—Delivery.—Principal and Surety.*—Where a surety signs a bond which is to be signed by another, whose name appears in the bond as coöbligor, and the bond is delivered without such other person having signed it, and without the consent of the one who signed it, the delivery is a nullity, and the surety is not bound. *p. 378.*

From the Madison Circuit Court. *Affirmed.*

*J. W. Vermillion, M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellants.

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellees.

ROBINSON, J.—Suit by appellees upon an appeal bond. In the body of the bond appear the names of three obligors, and only two of them signed it. The complaint shows the bond was filed and duly approved and the appeal taken. A complaint against those who did sign it, although a third obligor is named in the bond, is good against a demurrer for want of facts. The fact that a part of the persons named executed it, and part did not, is not ground for demurrer for want of facts, but must be pleaded as a defense. There is nothing on the face of the bond to show it was a conditional delivery, but from the bond itself the delivery purports to have been absolute. *Pawling* v. *United States,* 4 Cranch 217. In *Fletcher* v. *Austin,* 11 Vt. 447, and *Sharp* v. *United States,* 4 Watts. 21, 28 Am. Dec. 676, the question was raised by answer. See *Covert* v. *Shirk,* 58 Ind. 264; *Wild Cat Branch* v. *Ball,* 45 Ind. 213.

If a bond contains the names of other obligors, and is delivered without the signature of all, the obligee must inquire whether those who have signed consent to its being delivered without the signature of the others. In such case the party signing may question the delivery. But if there is nothing on the face of the bond or otherwise to indicate

that others are to sign it, and the bond is accepted on the faith of appearances, without notice that it is not to be delivered in its then shape, the party signing can not question the validity of the delivery. *Allen* v. *Marney*, 65 Ind. 398, 32 Am. Rep. 73; *Deardorff* v. *Foresman*, 24 Ind. 481.

If a surety signs a bond which is to be signed by another whose name appears in the bond as coöbligor, and the bond is delivered without such other person having signed it, and without the consent of the one who has signed, the delivery is a nullity and such surety is not bound. *Allen* v. *Marney*, 65 Ind. 398; *Spencer* v. *McLean*, 20 Ind. App. 626, 67 Am. St. 271; *Markland Mining, etc., Co.* v. *Kimmel*, 87 Ind. 560.

This question of fact was presented in the case at bar by the issues formed by the answer and reply. The court heard the evidence, and we can not disturb the conclusion reached without weighing the evidence. There is evidence from which the court could conclude that the surety consented to the filing of the bond without the signature of the other obligor named in the bond and that he approved the filing of the bond without such signature.

Judgment affirmed.