# HUSAK *v.* CLIFFORD ET AL.

[No. 22,092. Filed January 23, 1913.]

1. PRINCIPAL AND SURETY.—*Execution of Bonds.—Conditional Signature.—Release of Surety.*—Where a surety on a bond signs the same on condition that the obligor named in the bond shall also sign it before delivering the instrument, and it is delivered in violation of such condition and without the obligor's signature, the surety is not bound if the obligee has actual or constructive notice of the condition. p. 176.

2. PRINCIPAL AND SURETY.—*Execution of Bonds.—Conditional Signatures.—Notice of Condition.*—A bond which discloses on its face that all those named as obligors have not signed it, is sufficient notice to put the obligee on inquiry and is constructive notice of a condition that all the named obligors should sign, and if the obligee fails to investigate, those who signed on condition are not bound. p. 177.

3. APPEAL.—*Approval of Bond.—Notice of Condition.—Effect as to Obligee.*—The person or officer charged with the duty, and acting therein, of approving and accepting a bond executed on appealing an action to the circuit court, acts for and stands in the place of the obligee, and notice to him of any matter affecting the validity of the bond is notice to the obligee. p. 177.

4. PRINCIPAL AND SURETY.—*Execution of Bonds.—Failure of Principal or Coöbligor to Sign.*—Sureties on a bond may bind them-

selves to a liability thereon without the principal or other co-obligors whose names are given in the body of the instrument signing.   p. 177.

5.   PRINCIPAL AND SURETY.—*Execution of Bonds.—Presumptions.—Conditional Delivery.*—No presumption that a bond was delivered on condition that liability would not attach until the instrument was signed by all the obligors therein named arises from the fact that it is not signed by all the obligors named, but such fact puts the obligee on inquiry as to the existence of such a condition. p. 177.

6.   APPEAL.—*Assignment of Errors.—Rulings on Demurrers.—Collective Assignment.—Effect.*—An assignment that the court erred in "sustaining the demurrer of each appellee to the second, third and fourth paragraphs of appellant's reply," assails collectively the separate and distinct rulings of the court, and must fail if one of the paragraphs is bad.   p. 178.

7.   PLEADING.—*Conclusions.—Demurrer.*—A paragraph of reply which states conclusions instead of facts is bad.   p. 178.

8.   APPEAL.—*Presenting Questions for Review.—Motion to Suppress Deposition.—Motion for New Trial.*—The ruling of the court in overruling a motion to suppress a deposition is not a proper basis for an independent assignment of error, but the question should be presented by motion for a new trial.   p. 178.

9.   APPEAL.—*Briefs.—Specification of Error.*—No question is presented as to the ruling on the motion for new trial, where the only point with reference to such ruling stated in the brief is a mere restatement of the assignment that the court erred in overruling appellant's motion for a new trial.   p. 178.

From Porter Circuit Court; *W. C. McMahan,* Judge.

Action by Joseph Husak against Patrick W. Clifford and others.   From a judgment for defendants, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*Nelson J. Bozarth* and *Wm. W. Bozarth,* for appellant.

*Grant Crumpacker, Gerald A. Gillett, D. E. Kelly* and *William Daly,* for appellees.

Cox, J.—The appellant had recovered a judgment against one Walter B. Barnes in the city court of Valparaiso. Barnes appealed to the circuit court where judgment was again rendered against him in favor of the appellant.   The appeal was taken upon the following bond:

"Know all men by these presents, that we, Walter B. Barnes, P. W. Clifford, Geo. T. Miller and C. J. Kern are held and firmly bound unto Joseph Husak in the penal sum of Five Hundred and Fifty Dollars, for the payment whereof well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals and dated this 5th day of October, 1904.

Whereas the said Joseph Husak, lately, to-wit on the 28th day of June, 1902, in the City of Valparaiso Court of the County of Porter in the State of Indiana, recovered judgment against said Walter B. Barnes for the sum of $449.85, and costs and whereas said Walter B. Barnes has appealed therefrom to the Porter Circuit Court of the State of Indiana, now therefore, the condition of the above obligation is to the following, to-wit: that if said Barnes shall duly prosecute said appeal, and abide by and pay the judgment and costs which may be rendered or affirmed against him, then this obligation to be void, otherwise to remain in full force and effect.

| P. W. Clifford, |
| Geo. T. Miller, |
| C. J. Kern." |

Appellant brought this action on the bond against appellees, the sureties thereon. Each of the appellees in addition to a verified general denial answered the complaint specially, alleging substantially the same facts. In substance these answers alleged that the appellees signed the bond as sureties for Barnes at the solicitation of one acting for him and without other consideration; that at the time they signed, it was agreed and understood that Barnes was to sign it as principal and coöbligor and that it was not to be delivered for filing and approval or filed and approved until he had so signed it; that in violation of the condition it was delivered by the person who procured them to sign it, and it was filed and approved by the acting judge of the city court without the knowledge or consent of the appellees; that at the time he approved the bond the acting city judge had reason to and

did know of the agreement and condition upon which appellees signed the same.

Appellant's demurrers to these special answers were overruled and the correctness of these rulings is presented.

It has been decided in this State, in accordancce with what seems to be the great weight of authority generally, that when a surety on a bond such as the one here involved 1. has signed on the condition that the principal whose name appears as obligor in the body of the bond, also shall sign before the delivery of the instrument, and it is delivered by the principal or one acting for him in violation of the condition without his signature, the surety is not bound if the obligee has actual or constructive notice of the condition. *Wildcat Branch* v. *Ball* (1873), 45 Ind. 213, 218; *Allen* v. *Marney* (1879), 65 Ind. 398, 32 Am. Rep. 73; *Markland, etc., Mfg. Co.* v. *Kimmel* (1882), 87 Ind. 560, 565; *State, ex rel.,* v. *Gregory* (1889), 119 Ind. 503, 508, 22 N. E. 1; *Spencer* v. *McLean* (1898), 20 Ind. App. 626, 629, 50 N. E. 769, 67 Am. St. 271; *Davis* v. *O'Bryant* (1899), 23 Ind. App. 376, 55 N. E. 261; *Ney* v. *Orr* (1877), 2 Mont. 559; *Cutler* v. *Roberts* (1878), 7 Neb. 4, 29 Am. Rep. 371; *Guild* v. *Thomas* (1875), 54 Ala. 414, 25 Am. Rep. 703 note 706; *Hall* v. *Parker* (1877), 37 Mich. 590, 26 Am. Rep. 540; *Gay* v. *Murphy* (1895), 134 Mo. 98, 34 S. W. 1091, 56 Am. St. 496; *Goodyear Dental, etc., Co.* v. *Bacon* (1890), 151 Mass. 460, 24 N. E. 404, 8 L. R. A. 486; *Bowditch* v. *Harmon* (1903), 183 Mass. 290, 67 N. E. 333; *Novak* v. *Pitlick* (1903), 120 Iowa 286, 94 N. W. 916, 98 Am. St. 360; *Baker County* v. *Huntington* (1905), 46 Or. 275, 79 Pac. 187; *School District, etc.,* v. *Lapping* (1907), 100 Minn. 139, 110 N. W. 849, 12 L. R. A. (N. S.) 1105 note; *Weir* v. *Mead* (1894), 101 Cal. 125, 35 Pac. 567, 40 Am. St. 46 and note p. 51; *Benton County Sav. Bank* v. *Boddicker* (1898), 105 Iowa 548, 75 N. W. 632, 67 Am. St. 310, 45 L. R. A. 321 note; *Hendry* v. *Cartwright* (1907), 14 N. Mex. 72, 89 Pac. 309,

8 L. R. A. (N. S.) 1056; 32 Cyc. 45; Childs, Suretyship and Guaranty 43, 44.

This State has also approved the rule that if the bond discloses by its face that all those named in it as obligors have not signed it, this is sufficient to put the obligee on inquiry and is constructive notice of the condition.
2. The apparent defect would lead a person of ordinary prudence to investigate and thus discover the condition and that the delivery was unauthorized. If the obligee fail to investigate, the surety who signed on condition is not bound. *Wildcat Branch* v. *Ball, supra; Allen* v. *Marney, supra; Markland, etc., Mfg. Co.* v. *Kimmel, supra; Davis* v. *O'Bryant, supra.* See, also, 32 Cyc. 49, 50 and cases there cited; Childs, Suretyship and Guaranty 38, 39.

The person or officer charged with the duty and acting therein of approving and accepting an appeal bond such as that involved in this case acts for and stands in the
3. place of the obligee and notice to him of any matter affecting the validity of the bond is notice to the obligee. *Covert* v. *Shirk* (1877), 58 Ind. 264; *Allen* v. *Marney, supra; Hendry* v. *Cartwright, supra;* 32 Cyc. 49, note 27; Childs, Suretyship and Guaranty 40.

These rules of law lead to the conclusion that the court did not err in its rulings on appellant's demurrers to the special answers of the appellees. It is not to be understood however that sureties may not bind themselves to a liability on an appeal bond or other bond
4. without the principal or other coöbligors whose names are given in the body of the instrument signing if that is their intention. Nor is it to be understood that the mere
5. fact that all whose names are written in the body of the bond have not signed it, of itself renders the bond void as to those who have signed as sureties. No presumption of a conditional delivery arises from such a condition of a bond. Those signing may have been willing to be bound

without the others.   The rules apply to cases only where the sureties who have signed have actually annexed conditions which could be discovered by the obligee by inquiry. If none have been imposed, inquiry, of course, would disclose none.   *Wildcat Branch* v. *Ball, supra;* Childs, Suretyship and Guaranty 39, 40.

Appellant replied to the special answers of each of the appellees by general denial and special matter in separate paragraphs numbered two, three and four.   Each of

6. the appellees demurred to each of these special replies and their demurrers were all sustained.   Appellant has specified in his assignment of error on these rulings that the court erred ''in sustaining the demurrer of each appellee to the second, third and fourth paragraphs of appellant's reply.''   That this assignment assails collectively the separate and distinct rulings of the court on the demurrer to each of the three paragraphs of the reply and not each separately and must fail if one of the paragraphs is bad is too well and long settled to need the citation of cases

7. to further emphasize it.   The fourth paragraph of reply is irredeemably bad.   It contains not one allegation of fact but merely statements of legal conclusions to the effect that appellees were not harmed by the failure of Barnes to sign the bond and that they had as complete and adequate a remedy against him as they would have had if he had executed the bond.

Appellant has assigned as error the action of the trial court in overruling his motion to suppress a deposition taken and read in evidence for appellees.   Such a

8. ruling is not a proper basis for an independent assignment of error but must be presented through the medium of a motion for a new trial.

The only point stated in appellant's brief based on the overruling of his motion for a new trial is the mere

9. restatement of the assignment of error made on that ruling, namely, that the court ''erred in overruling

appellant's motion for a new trial." This gives us no information of what particular cause assigned in that motion appellant is relying upon. It is too general and presents no question. *Cleveland, etc., R. Co.* v. *Bowen* (1912), *ante* 142, 100 N. E. 465.

No error is shown and the judgment is affirmed.

NOTE.—Reported in 100 N. E. 466. See, also, under (4) 32 Cyc. 41; (6) 2 Cyc. 986; (7) 31 Cyc. 49; (9) 2 Cyc. 1014. As to the effect of fraud or mistake on the liability of surety on appeal bond, see 38 Am. St. 710; 67 Am. St. 197. As to what amounts to constructive notice, see 45 Am. Rep. 184. For a discussion of the failure of the principal to sign an obligation as affecting the liability of a surety, see 2 Ann. Cas. 225, Ann. Cas. 1912 A 1014.