## NAPARALA v. CHICAGO, SOUTH BEND AND NORTHERN INDIANA RAILWAY COMPANY.

### [No. 9,250.  Filed March 30, 1917.]

1. APPEAL.—*Burden of Showing Error.*—The burden is on ap-
pellant to clearly present reversible error before he is entitled
to a reversal, as the court on appeal may search the record
to affirm, but not to reverse, a judgment of the lower court.
p. 171.
2. STREET RAILROADS.—*Injuries to Person on Tracks.—Action.—
Instructions.—Contributory Negligence.*—In an action for per-
sonal injuries sustained by a wagon driver in a collision with
an electric street car, instructions that it is not sufficient for
a driver who is about to cross railway tracks to look and listen
for cars at the time he is entering the street intersection upon
which the tracks are located, but that he must at all times
while approaching the tracks use his senses of sight and hear-
ing and that degree of care which an ordinarily prudent per-
son would use under like circumstances, that if plaintiff by the
exercise of ordinary care could have seen or heard the car
which injured him and failed to do so, the jury might con-
sider such fact as bearing on the question of contributory
negligence, and that the law presumed that a person could
see and hear and would heed what a person of good sight and
hearing exercising ordinary care and caution would see, hear
and heed under similar circumstances are not objectionable as

informing the jury that plaintiff was guilty of contributory negligence and could not recover, if he only looked and listened for cars when he was entering the street intersection upon which the tracks were located. p. 171.

3. TRIAL.—*Instructions.*—*Consideration as a Whole.*—Instructions should be considered in their entirety, and if, when so considered, they fairly and accurately state the law under the issues and the evidence, they are not erroneous. p. 173.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Frank Naparala against the Chicago, South Bend and Northern Indiana Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Hickey & Wolfe, Robert Moore* and *Adam E. Wise,* for appellant.

*Harry R. Wair* and *Henry A. Steis,* for appellee.

FELT, C. J.—This is a suit by appellant against appellee for damages for personal injuries. Issues were formed by appellant's complaint and appellee's answer of general denial. A trial by jury resulted in a verdict for appellee. Judgment was rendered on the verdict from which this appeal was taken. The only error assigned is the overruling of appellant's motion for a new trial.

Appellee contends that no questions are presented by appellant's briefs because under his points and authorities he has only stated general abstract propositions of law and has failed to apply any point or proposition to any specific question or ruling of the court challenged as erroneous. Appellant's briefs are justly subject to criticism and appellee's contentions in relation thereto are in the main supported by the rules of this and the Supreme Court and the decisions of both courts. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 627, 103 N. E. 652; *Kaufman* v. *Alexander* (1913), 180 Ind.

670, 672, 103 N. E. 481; *Curry* v. *City of Evansville* (1913), 56 Ind. App. 143, 104 N. E. 978; *White* v. *State, ex rel.* (1915), 183 Ind. 649, 655, 109 N. E. 905, Ann. Cas. 1917 B 527; *American, etc., Tin Plate Co.* v. *Yonan* (1915), 59 Ind. App. 700, 703, 109 N. E. 922; *Indiana Union Traction Co.* v. *Cauldwell* (1915), 59 Ind. App. 513, 107 N. E. 705; *Husak* v. *Clifford* (1912), 179 Ind. 173, 178, 100 N. E. 466. The burden is upon an

1. appellant to clearly present reversible error before he is entitled to a reversal of the judgment appealed from. This court may search the record to affirm, but not to reverse, a judgment of the lower court.

By the most liberal construction of appellant's briefs permissible, it is apparent that he relies on alleged error of the trial court in giving to the jury instruc-

2. tions Nos. 20 and 21 requested by appellee. Giving appellant the benefit of the doubt as to the sufficiency of the briefs to present any question, his objection to the foregoing instructions seems to be that the court applied to appellant, while crossing appellee's tracks, the rules "which attach to a traveler crossing a steam railroad operating on a private right of way"; that the "look and listen" rule, applicable to the crossing of steam railroads, does not apply to the crossing of street car tracks on the streets of a city.

Appellant was driving a team hitched to a wagon, going south along the east side of appellee's car tracks on a public street in Michigan City, Indiana, and turned west into a public street of said city, and, while crossing appellee's tracks, his wagon was struck by one of appellee's street cars operated by electricity, and appellant was thereby thrown to the pavement and injured.

Instruction No. 20 is as follows: "I instruct you that it is not sufficient for a person driving in a wagon or any other vehicle, who is about to cross railway tracks,

to look and listen for cars at the time he is entering upon the street intersection upon which the railway tracks are located, but that he must at all times, while approaching the street railway tracks, use his sense of sight and hearing and that degree of care which an ordinary prudent person would use under like circumstances." Instruction No. 21, in substance, told the jury that if appellant by the exercise of ordinary care could have seen or heard the car which injured him, and failed so to do, the jury might consider such fact as bearing on the question of contributory negligence; that "the law presumed that a person with good sight. and hearing can see and hear and will heed what a person of good sight and hearing exercising ordinary care and caution would see and hear and heed under similar circumstances."

Appellant further contends that by these instructions the jury was told "that appellant was guilty of contributory negligence, and could not recover, if he only looked and listened for cars when he was entering the street intersection upon which the tracks were located."

We do not find in either of the instructions the meaning appellant ascribes to them. Neither of them directs a verdict in any event. They deal with the subject of the use of the senses to avoid injury and refer to certain presumptions in relation thereto which are not disputed or questioned by appellant. The instructions adhere to the rule "of care which an ordinarily prudent person would use under like circumstances." In other instructions given to the jury the court informed them that in determining the care or want of care of appellant in crossing the street, they should consider all the facts and circumstances relating thereto as shown by the evidence, and from all such facts "relating to due care or contributory negligence of plaintiff it is for you to determine whether or not, in the at-

tempt to cross defendant's tracks at the time and place in question, plaintiff was in the exercise of due care, or was guilty of contributory negligence."

Instructions should be considered in their entirety. We have read all the instructions given to the jury in this case, and when read and considered together they fairly and accurately state the law under the issues and evidence of the case. *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. 426, 431, 106 N. E. 903; *Evansville, etc., Traction Co.* v. *Spiegel* (1911), 49 Ind. App. 412, 423, 94 N. E. 718, 97 N. E. 949; *Malott* v. *Hawkins* (1902), 159 Ind. 127, 134, 63 N. E. 308; *Indianapolis Street R. Co.* v. *Zaring* (1904), 33 Ind. App. 297, 301, 71 N. E. 270, 501.

No reversible error is shown.  Judgment affirmed.

NOTE.—Reported in 115 N. E. 694.  Street railroads: duty of traveler at crossings, 15 L. R. A. (N. S.) 254; 23 L. R. A. (N. S.) 1224, 36 Cyc 1555.